# U.S. Bankruptcy Court
## Western District of Washington (Seattle)
## Adversary Proceeding #: 20−01035−TWD

*Assigned to:* Timothy W. Dore                    *Date Filed:* 05/12/20
*Lead BK Case:* 19−13035
*Lead BK Title:* Eunice Bias
*Lead BK Chapter:* 13
*Demand:*
  *Nature[s] of Suit:*   21 Validity, priority or extent of lien or other interest in property

*Plaintiff*
─────────────────────────

**Bayview Loan Servicing LLC**              represented by **Gregor A Hensrude**
                                            Klinedinst PC
                                            701 Fifth Avenue
                                            Suite 1220
                                            Seattle, WA 98104
                                            206−682−7701
                                            Fax : 206−682−7449
                                            Email: ghensrude@klinedinstlaw.com

                                            **Anthony C Soldato**
                                            Klinedinst
                                            701 Fifth Ave
                                            Ste. 1220
                                            98104
                                            Seattle, WA 98104
                                            206−682−7701
                                            Fax : 206−682−7449
                                            Email: asoldato@klinedinstlaw.com

V.

*Defendant*
─────────────────────────

**Eunice Bias**                             represented by **Chellie M Hammack**
4633 S. Chicago St.                         CM Hammack Law Firm
Seattle, WA 98118                           1001 4th Ave, Ste 3200
SSN / ITIN: xxx−xx−1360                      Seattle, WA 98154
                                            206−223−1909
                                            Email: cmh@hammack−law.com

*Defendant*
─────────────────────────

**Does, *1−10***                            represented by **Does**
                                            PRO SE

*Counter−Claimant*
————————————————————

**Eunice Bias**                                              represented by **Chellie M Hammack**
4633 S. Chicago St.                                                          (See above for address)
Seattle, WA 98118


V.


*Counter Defendant*
————————————————————

**Bayview Loan Servicing LLC**                              represented by **Anthony C Soldato**
                                                                            (See above for address)

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 05/12/2020 | | 1 | Adversary case 20−01035. Complaint by BAYVIEW LOAN SERVICING LLC (attorneys Gregor A Hensrude, Anthony C Soldato) against Eunice Bias, Does 1−10 . *Adversary Complaint for Reformation of Promissory Note*. Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)) (Hensrude, Gregor) Modified party information on 5/12/2020 (MEH). (Entered: 05/12/2020 at 13:26:36) |
| 05/12/2020 | | | **Receipt of filing fee for Complaint( 20−01035−TWD) [cmp,cmp] ( 350.00). Receipt number A26460483. Fee amount $ 350.00.** (U.S. Treasury) (Entered: 05/12/2020 at 13:31:47) |
| 05/13/2020 | | 2 | Summons issued (Summons issued via the Court's electronic filing system (ECF)) to Plaintiff's Attorney for Service on Eunice Bias. Answer Due 6/12/2020; Does Answer Due 6/12/2020. (SDU) (Entered: 05/13/2020 at 08:21:46) |
| 05/20/2020 | | 3 | Proof of Service *of Summons in an Adversary Proceeding*. Filed by Anthony C Soldato on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony) Missing caption/case number on pdf. Modified on 5/20/2020 (MEH). (Entered: 05/20/2020 at 14:43:13) |
| 06/01/2020 | | 4 | Debtor's Notice of Appearance . Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Hammack, Chellie) (Entered: 06/01/2020 at 08:50:49) |
| 06/22/2020 | | 5 | Debtor's Answer to Complaint *Affirmative Defenses*, Counterclaim by Eunice Bias against Bayview Loan Servicing LLC .. Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)(Hammack, Chellie) (Entered: 06/22/2020 at 07:51:00) |
| 06/22/2020 | | 6 | DOCKETED IN ERROR, incorrect event. ~~Answer to Counterclaim *Demand for Jury Trial* (Related document(s)5 Answer to Complaint, Counterclaim). Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Hammack, Chellie)~~ Modified on 6/22/2020 (MEH). (Entered: 06/22/2020 at 07:52:38) |
| 06/22/2020 | | 7 | Jury Demand (Related document(s)5 Answer to Complaint, Counterclaim). Proof of Service. Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Hammack, Chellie) (Entered: 06/22/2020 at 10:16:49) |

| Date | | Doc # | Description |
|---|---|---|---|
| 07/15/2020 | | 8 | Disclosure Statement *Corporate*. Filed by Anthony C Soldato on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony) (Entered: 07/15/2020 at 15:35:29) |
| 07/20/2020 | | 9 | Answer to Counterclaim . Filed by Anthony C Soldato of Klinedinst on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony) (Entered: 07/20/2020 at 11:13:02) |
| 07/28/2020 | | 10 | ORDER Requiring Briefs Regarding Entitlement to a Jury Trial (Related document(s)7 Jury Demand). Oral argument is set for 9/2/2020 at 09:30 AM at Telephonically. (MEH) (Entered: 07/28/2020 at 13:37:38) |
| 08/20/2020 | | 11 | Debtor's Notice Regarding Final Adjudication and Consent *Consent for Bankruptcy Judge to preside over jury trial* . Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Hammack, Chellie) (Entered: 08/20/2020 at 12:04:10) |
| 08/21/2020 | | 12 | Debtor's Memorandum *in Support of Right to a Jury Trial* (Related document(s)10 Scheduling Order). Proof of Service. Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Hammack, Chellie) (Entered: 08/21/2020 at 12:38:47) |
| 08/21/2020 | | 13 | Response to *ORDER RE: JURY DEMAND*. Proof of Service. Filed by Anthony C Soldato of Klinedinst on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony). Related document(s) 10 Scheduling Order. Modified on 8/21/2020 to create link (MEH). (Entered: 08/21/2020 at 14:44:13) |
| 09/02/2020 | | | Minutes. Telephonic Hearing Date: 09/02/2020. Participants: Jason Wilson−Aguilar, Trustee; Anthony C Soldato on behalf of Bayview Loan Servicing LLC., Chellie M Hammack on behalf of Eunice Bias. (related document(s): 7 Oral Argument Regarding Entitlement to a Jury Trial) Stipulated order(s) shall be submitted by 09/11/2020. If counsel are unable to reach an agreement then a short submission as to why an agreement has not been reached is due by 09/11/2020. Continued Hearing scheduled for 09/16/2020 at 09:30 AM and will be held telephonically. (SDU) (Entered: 09/02/2020 at 10:49:43) |
| 09/02/2020 | | 14 | PDF with attached Audio File. Court Date & Time [ 9/2/2020 9:34:53 AM ]. File Size [ 7350 KB ]. Run Time [ 00:20:25 ]. ( 7 Oral Argument Regarding Entitlement to a Jury Trial). (admin). (Entered: 09/02/2020 at 11:02:02) |
| 09/10/2020 | | 15 | Letter To and Subject: *Notice Parties Unable to Reach Agreement re: Stipulated Order* (Related document(s) Minutes Hearing Continued). Filed by Chellie M Hammack on behalf of Eunice Bias. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Hammack, Chellie) (Entered: 09/10/2020 at 12:21:15) |
| 09/11/2020 | | 16 | Response to *Reformation Order [Dkt 7]*. Proof of Service. Filed by Anthony C Soldato of Klinedinst on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony) (Entered: 09/11/2020 at 16:31:01) |
| 09/15/2020 | | 17 | Debtor's Motion to Dismiss Adversary Case *for lack of subject matter jurisdiction & failure to join necessary party* with Notice of Hearing. Filed by Chellie M Hammack on behalf of Eunice Bias The Hearing date is set for 10/21/2020 at 09:30 AM at Judge Dore's Courtroom, U.S. Courthouse, Room 8106. Response due by 10/14/2020. (Hammack, Chellie) (Entered: |

| | | | |
|---|---|---|---|
| | | | 09/15/2020 at 17:13:34) |
| 09/15/2020 | | 18 | Declaration *Hammack Motion to Dismss* (Related document(s)17 Motion to Dismiss Adversary Case)... Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Hammack, Chellie) Incorrect case number on pdf. Modified on 9/16/2020 (MEH). (Entered: 09/15/2020 at 17:24:19) |
| 09/16/2020 | | 19 | PDF with attached Audio File. Court Date & Time [ 9/16/2020 10:33:19 AM ]. File Size [ 9470 KB ]. Run Time [ 00:26:18 ]. ( 7 Oral Argument Regarding Entitlement to a Jury Trial). (admin). (Entered: 09/16/2020 at 12:31:03) |
| 09/16/2020 | | | Minutes. Telephonic Hearing Held 09/16/2020. Participants: Gregor Hensrude on behalf of Bayview Loan Servicing LLC., Chellie M Hammack on behalf of Eunice Bias. (related document(s): 7 Oral Argument Regarding Entitlement to a Jury Trial.) Continued Hearing scheduled for 10/21/2020 at 09:30 AM will be held telephonically. (SDU) (Entered: 09/16/2020 at 13:55:31) |
| 10/07/2020 | | 20 | Notice of *Change of Name of Bayview Loan Servicing, LLC* Filed by Anthony C Soldato on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony) Modified on 10/15/2020 (CLC). (Entered: 10/07/2020 at 12:22:37) |
| 10/07/2020 | | 21 | Motion *MSJ Hearing 11/04/2020*. Proof of Service. Filed by Anthony C Soldato on behalf of Bayview Loan Servicing LLC The Hearing date is set for 11/4/2020 at 09:30 AM at Judge Dore's Courtroom, U.S. Courthouse, Room 8106. Response due by 10/28/2020. (Soldato, Anthony) (Entered: 10/07/2020 at 13:22:49) |
| 10/07/2020 | | 22 | Declaration Under Penalty of Perjury for Non−individual Debtors *Tina Bado*. Filed by Anthony C Soldato on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony). Related document(s) 21 Motion *MSJ Hearing 11/04/2020* filed by Counter Defendant Bayview Loan Servicing LLC, Plaintiff Bayview Loan Servicing LLC. Modified on 10/7/2020 to create link (MEH). (Entered: 10/07/2020 at 13:25:09) |
| 10/07/2020 | | 23 | Declaration Under Penalty of Perjury for Non−individual Debtors *Gregor A. Hensrude*. Filed by Anthony C Soldato on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony). Related document(s) 21 Motion *MSJ Hearing 11/04/2020* filed by Counter Defendant Bayview Loan Servicing LLC, Plaintiff Bayview Loan Servicing LLC. Modified on 10/7/2020 to create link (MEH). (Entered: 10/07/2020 at 13:26:10) |
| 10/07/2020 | | 24 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Soldato, Anthony. Related document 21 (Entered: 10/07/2020 at 13:31:01) |
| 10/08/2020 | | 25 | Submitted But Not Entered (Related document(s)21 Motion). (MEH) (Entered: 10/08/2020 at 10:50:05) |
| 10/13/2020 | | 26 | Response to *Motion to Dismiss Motion for Reformation* (Related document(s)17 Motion to Dismiss Adversary Case). Proof of Service. Filed by Anthony C Soldato of Klinedinst on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony) (Entered: 10/13/2020 at 16:46:52) |
| 10/14/2020 | | | |

| | | | |
|---|---|---|---|
| | | | Notice to Court of Intent to Argue. Date of Hearing: 10/21/2020. Filed by Chellie M Hammack on behalf of Eunice Bias. (Related document(s)17 Motion to Dismiss Adversary Case). (Hammack, Chellie) (Entered: 10/14/2020 at 10:20:09) |
| 10/14/2020 | | 27 | DOCKETED IN ERROR, wrong entry used (PDF also has incorrect title) ~~Notice of *Intent & Request for Oral Argument* (Related document(s)17 Motion to Dismiss Adversary Case). Filed by Anthony C Soldato on behalf of Bayview Loan Servicing LLC.~~ Modified on 10/14/2020 (JCF). (Entered: 10/14/2020 at 13:38:17) |
| 10/14/2020 | | 28 | Notice of *Bayview's Notice of Intent & Request for Oral Argument* (Related document(s)17 Motion to Dismiss Adversary Case). Filed by Anthony C Soldato on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony) (Entered: 10/14/2020 at 15:23:25) |
| 10/15/2020 | | 29 | Debtor's Reply *in Support of Motion* (Related document(s)17 Motion to Dismiss Adversary Case). Proof of Service. Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Hammack, Chellie) (Entered: 10/15/2020 at 14:13:37) |
| 10/21/2020 | | 30 | PDF with attached Audio File. Court Date & Time [ 10/21/2020 9:35:22 AM ]. File Size [ 13200 KB ]. Run Time [ 00:36:40 ]. ( 17 Debtor's Motion to Dismiss Adversary Case for lack of subject matter jurisdiction & failure to join necessary party Filed by Chellie M Hammack on behalf of Eunice Bias.). (admin). (Entered: 10/21/2020 at 12:02:02) |
| 10/21/2020 | | 31 | ORDER Denying Motion to Dismiss (Related Doc # 17) . (MEH) (Entered: 10/21/2020 at 16:01:58) |
| 10/21/2020 | | | Minutes. Telephonic Hearing Held 10/21/2020. Participants: Chellie Hammack on behalf of Eunice Bias; Greg Hensrude on behalf of Bayview Loan Servicing, LLC. (related document(s): 17 Debtor's Motion to Dismiss Adversary Case for lack of subject matter jurisdiction & failure to join necessary party Filed by Chellie M Hammack on behalf of Eunice Bias.) Motion denied. Court will prepare order. (SDU) (Entered: 10/22/2020 at 09:18:28) |
| 10/21/2020 | | | Minutes. Telephonic Hearing Date 10/21/2020. Participants: Chellie Hammack on behalf of Eunice Bias; Greg Hensrude on behalf of Bayview Loan Servicing, LLC. (related document(s): 7 Jury Demand filed by Chellie M Hammack on behalf of Eunice Bias) Continued Hearing scheduled for 11/04/2020 at 09:30 AM will be held telephonically. (SDU) (Entered: 10/22/2020 at 09:21:26) |
| 10/28/2020 | | 32 | Debtor's Response to *Motion for Summary Judgment*. Proof of Service. Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Hammack, Chellie). Related document(s) 21 filed by Plaintiff Bayview Loan Servicing LLC. Modified on 10/29/2020 to create link (MEH). (Entered: 10/28/2020 at 22:29:23) |
| 10/28/2020 | | 33 | Declaration *of Debtor Eunice Bias re: MSJ* (Related document(s)21 Motion)... Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Hammack, Chellie) (Entered: 10/28/2020 at 22:31:07) |
| 10/28/2020 | | 34 | Declaration *Counsel Chellie Hammack re MSJ* (Related document(s)21 Motion)... Filed by Chellie M Hammack of CM Hammack Law Firm on |

| | | | |
|---|---|---|---|
| | | | behalf of Eunice Bias. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7) (Hammack, Chellie) (Entered: 10/28/2020 at 22:34:08) |
| 10/28/2020 | | 35 | Debtor's Response to *MSJ* (Related document(s)21 Motion). Proof of Service. Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Hammack, Chellie) (Entered: 10/28/2020 at 22:35:36) |
| 10/30/2020 | | 36 | Notice of Hearing *on MSJ w/intent of Oral Argument (Related document(s)21).* Filed by Anthony C Soldato of Klinedinst on behalf of Bayview Loan Servicing LLC. (Soldato, Anthony) (Entered: 10/30/2020 at 10:57:37) |
| 10/30/2020 | | | Notice to Court of Intent to Argue. Date of Hearing: 11/4/2020. Filed by Anthony C Soldato on behalf of Bayview Loan Servicing LLC. (Related document(s)21 Motion). (Soldato, Anthony) (Entered: 10/30/2020 at 11:46:58) |
| 10/30/2020 | | 37 | Reply *Reply ISO MSJ re Reformation* (Related document(s)21 Motion). Proof of Service. Filed by Anthony C Soldato of Klinedinst on behalf of Bayview Loan Servicing LLC. (Attachments: # 1 Pleading Declaration ISO Reply with Exhibit A # 2 Proposed Order Proposed Order Granting MSJ) (Soldato, Anthony) (Entered: 10/30/2020 at 16:09:58) |
| 11/02/2020 | | 38 | Debtor's Motion to Reconsider *Order Denying Motion to Dismiss* Filed by Chellie M Hammack on behalf of Eunice Bias (Hammack, Chellie). Related document(s) 31 Order Dismissing Adversary Case. Modified on 11/4/2020 to create link (MEH). (Entered: 11/02/2020 at 19:56:55) |
| 11/04/2020 | | 39 | PDF with attached Audio File. Court Date & Time [ 11/4/2020 9:50:50 AM ]. File Size [ 9785 KB ]. Run Time [ 00:27:11 ]. ( 7 Oral Argument Regarding Entitlement to a Jury Trial). (admin). (Entered: 11/04/2020 at 11:02:02) |
| 11/04/2020 | | | Minutes. Telephonic Hearing(s) Held 11/04/2020. Participants: Gregor Hensrude on behalf of Bayview Loan Servicing LLC.; Chellie M Hammack on behalf of Eunice Bias (related document(s): 7 Jury Demand Filed by Chellie M Hammack on behalf of Eunice Bias) Oral ruling rendered. Motion granted. Defendant's attorney must file a motion to withdraw reference by 11/25/2020 or the court will dismiss counterclaims without prejudice. Court will prepare order. 21 Motion For Summary Judgment On Reformation filed by Gregor Hensrude on behalf of Bayview Loan Servicing LLC.) Oral ruling rendered. Grant Motion For Summary Judgment and Reform Note to reflect the street address of the Chicago Street Property. Court will prepare order. (SDU) (Entered: 11/04/2020 at 11:06:13) |
| 11/06/2020 | | 40 | ORDER Denying Motion for Reconsideration (Related Doc # 38) . (PBR) (Entered: 11/06/2020 at 11:30:18) |
| 11/06/2020 | | 41 | ORDER Regarding Jury Trial and Withdrawal of Reference (Related document(s)7 Jury Demand). (RQC) (Entered: 11/06/2020 at 13:38:12) |
| 11/06/2020 | | 42 | ORDER Granting Plaintiff's Motion for Summary Judgement (Related Doc # 21) . (RQC) (Entered: 11/06/2020 at 13:41:23) |
| 11/25/2020 | | 43 | |

| | | | |
|---|---|---|---|
| | | | Debtor's Motion to Withdraw the Reference *as to Counterclaims* (Related document(s)41). with Notice of Hearing. Filed by Chellie M Hammack on behalf of Eunice Bias The Hearing date is set for 1/8/2021 at 09:00 AM at Judge Dore's Courtroom, U.S. Courthouse, Room 8106. Response due by 1/4/2021. (Hammack, Chellie) No hearing required, removed from calendar. Modified on 12/1/2020 (MEH). (Entered: 11/25/2020 at 16:51:00) |
| 11/25/2020 | | 44 | Declaration *of Counsel Hammack* (Related document(s)43 Motion to Withdraw the Reference). Proof of Service. Filed by Chellie M Hammack of CM Hammack Law Firm on behalf of Eunice Bias. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Hammack, Chellie) (Entered: 11/25/2020 at 16:53:57) |
| 11/25/2020 | | | **Receipt of filing fee for Motion to Withdraw the Reference( 20−01035−TWD) [motion,205] ( 181.00). Receipt number A26798612. Fee amount $ 181.00.** (U.S. Treasury) (Entered: 11/25/2020 at 16:55:42) |
| 12/18/2020 | | 45 | Bankruptcy Judge's Recommendation Regarding Motion for Withdrawal of Reference (Related document(s)43 Motion to Withdraw the Reference). (TDB) (Entered: 12/18/2020 at 13:47:02) |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>EUNICE BIAS,<br><br>              Debtors. | Case No. 19-13035 TWD<br><br>Adv. Proc. No. 20-01035<br><br>**BIAS' MOTION TO WITHDRAW REFERENCE** |
| BAYVIEW LOAN SERVICING, LLC,<br>                    Plaintiff,<br><br>v.<br><br>EUNICE BIAS, AND DOES 10-10,<br>                   Defendants. | NOTE ON MOTION CALENDAR: 1/8/2021 |

## NOTICE OF HEARING - WITHOUT ORAL ARGUMENT

     YOU AND EACH OF YOU will please take notice that the undersigned has scheduled a hearing without oral argument on Bias' Motion to Withdraw the Reference set out above before the United States District Judge to be assigned on the date and time noted above, or at such other time and place as the Clerk of the Court may direct.  Anyone who objects to the motion  must do so by

Motion to Withdraw Reference  - Page 1

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

serving on the undersigned at her address of 1604 Hewitt Ave., Suite 313, Everett, WA 98201, a copy of and filing the original of such written response with the Clerk of the Court, U.S. Bankruptcy Court, 700 Stewart St., Seattle, WA 98101 no later than the response date required by Local Bankruptcy Rule 5011-1(b).  IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING, WITHOUT FURTHER NOTICE.


Dated this 25th day of November, 2020          /s/Chellie Hammack_____
                                               Chellie Hammack, WSBA#31796
                                               Attorney for Bias



**MOTION**

**I.    RELIEF REQUESTED**

Counterclaim Plaintiff Eunice Bias, by and through her counsel, requests the District Court withdraw the reference of this matter to the Bankruptcy Court as to the counterclaims raised by Ms. Bias as they include mostly state law claims and one federal claim, that are non-core proceeding under the bankruptcy code and will involve a jury trial.  Counterclaim Defendant Bayview Loan Servicing will not agree to allow the jury trial to be conducted by the Bankruptcy Court, very little has occurred as to the portion of the case relating to the counterclaims and it would be most efficient for the matter to be heard in District Court as ultimately it would need to be referred back for a jury trial.


Motion to Withdraw Reference  - Page 2                    **C.M. Hammack Law Firm**
                                                         1604 Hewitt Ave., Suite 313
                                                         Everett, WA 98201
                                                         (206) 223-1909

## II.    STATEMENT OF FACTS

### A.    Procedural History

On May 12, 2020, Plaintiff Bayview Loan Servicing, hereinafter referred to as "Bayview", filed an adversary complaint with the Bankruptcy Court raising a state claim for revision of a mortgage note.  Decl. Hammack, Ex. A (Dkt. # 1).  Defendant Eunice Bias, hereinafter referred to as "Ms. Bias", filed an Answer and raised Counterclaims on June 22, 2020.  *Id.*, Ex. B (Dkt. # 5). With that she also filed a separate Demand for Jury Trial as to her counterclaims. *Id.,* Ex. C ( Dkt. # 7).  Ms. Bias counterclaims include the following: 1) breach of contract/breach of good faith and fair dealing; 2) violation of the Real Estate Settlement & Procedures Act ("RESPA"), 12 USC § 2605(g); 3) negligent misrepresentation; 4) conversion; and 5) violation of Washington's Consumer Protection Act ("CPA"), RCW 19.86 et. seq. *Id.*, Ex. A (Dkt.  # 5).

On July 28, 2020, the Court entered an order requiring the parties brief the issue of whether Ms. Bias was entitled to a jury trial.  *Id.*, Ex. D (Dkt. # 10).  Ms. Bias consented to the Bankruptcy Court presiding over the jury trial, however, Bayview did not.  *Id.,* Ex. E & F, pg. 2 (Dkt #s 11 & 13).  After the matter was continued, on November 6, 2020 the Court entered an Order Regarding Jury Trial and Withdrawal of Reference.  *Id.,* Ex. G (Dkt. # 41).  The Order provided as follows:

> 1.    Eunice Bias is entitled to a jury trial on her counterclaims.
> 2.    This Court cannot conduct the jury trial becasue there is not express consent of all the parties as required by 28 U.S.C. § 157(e).
> 3.    Pursuant to Local Bankruptcy Rule 9015-1(c)(2), Eunice Bias shall filed a motion in accordance with Local Bankruptcy Rule 5011-1 for withdrawal of the reference ("Withdrawal Motion") by November 25, 2020.
> 4.    If Eunice Bias fails to file the Withdrawal Motion by November 25, 2020, the Court will enter an order dismissing her counterclaims

Motion to Withdraw Reference  - Page 3

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

Case 20-01035-TWD    Doc 43    Filed 11/25/20    Ent. 11/25/20 16:51:00    Pg. 3 of 10

10

1    without prejudice.

2    *Id.*

3    Other than the events described above, there has been no other court proceedings relating to

4    Ms. Bias counterclaims, although a small amount of discovery relating to those claims has occurred.

5    Decl. Hammack, ¶ 9. The remaining Court proceedings as noted in the docket relate primarily to

6    Bayview's claim of reformation and include Bias' motion to dismiss for lack of subject matter

7    jurisdiction & failure to join a necessary party (Dkt #s 17, 18, 26, 29, 31, 38 & 40), and Bayview's

8    motion summary judgment (Dkt #s 21-23, 32-35, 37 & 42).

## III.   EVIDENCE RELIED UPON

1.    Declaration of Hammack, with attached exhibits; and

2.    Documents and records contained in the Adversary Proceeding Court file.

## IV.   LEGAL ARGUMENT

A.    **Ms. Bias counterclaims affect only legal rights and she does not seek any equitable relief, therefore she has a constitutional right to a jury trial.**

"District courts have discretion to refer 'any and all cases under Title 11 and any or all

proceedings arising under Title 11 or arising in or related to a case under title 11' to the

bankruptcy judges for that district." *Pac. Int'l Grout Co. V. Pac. Int'l Gout Co. (In re Zinkova)*,

2012 U.S. Dist. LEXIS 71326 at *3 (W.D. WA, May 21, 2012), citing 28 U.S.C. § 157(a).

Under 28 U.S.C. § 157(d) the District Court may withdraw in whole or in part any matter

referred on its own motion or the motion of a party for cause shown. *Id.*

"As the Seventh Amendment still applies to matters related to bankruptcy, '[w]ithdrawal

Motion to Withdraw Reference  - Page 4

of the reference is therefore required in instances where a defendant who is entitled to a jury trial does not consent to the holding of such a trial in the Bankruptcy Court.'" *Lara v. Casimior (In re Casimiro)*, 2006 U.S. Dist. LEXIS 41176 at *12 (E.D. CA, June 6, 2006), *quoting United States ex. Rel. Rahman v. Oncology Assocs. P.C.* 2000 U.S. Dist. LEXIS 22185, at *21-22 (D. Md. July 24, 2000). In this case all of Bias' counterclaims entail a right to a jury trial.

Pursuant to the Seventh Amendment, the right to a jury trial exists in suits at common law. U.S. Const. amend. VII. This generally means that the right applies to actions historically tried in courts of law as opposed to those tried in courts of equity. *Tull v. United States,* 481 U.S. 412, 417 (1987), *See also Granfinanciera v. Nordberg*, 492 U.S. 33, 42-43 (1989). As explained by the Supreme Court in *Granfinanciera*, "'[f]irst, we compare the statutory action to the 18th century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.' *Tull v. United States,* 481 U.S. 412, 417-418 (1987) (citations omitted). The second stage of the analysis is more important than the first." *Granfinanciera,* 492 U.S. at 42. "The United States Supreme Court has long recognized that, as a general rule, monetary relief is legal in nature, and that claims for such relief give rise to a right to trial by jury." *Control Ctr. L.L.C. v. Lauer*, 288 B.R. 269, 278 (US Dist. Crt., Middle District Florida, 2002), *citing Feltner v. Columbia Pictures TV, Inc*. 523 U.S. 340, 352 (1998). Tort actions or actions seeking money damages for breach of contract are generally considered actions at law. *Billing v. Ravin, Greenberg & Zackin,* 22 F.3d 1242, 1245 (3rd Cir. 1994).

Ms. Bias claim for breach of contract & breach of good faith and fair dealing are legal claims

Motion to Withdraw Reference  - Page 5

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

that would traditionally have been brought before the common law courts. *Chauffeurs Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 569-570 (1990). Ms. Bias seeks no equitable relief in relation to this claim and seeks only money damages.

Ms. Bias tort claims, including conversion and negligent misrepresentation also give rise to a right to a jury trial. *Control Ctr. L.L.C.* 288 B.R. at 278, *citing Ross v. Bernhard* ,396 U.S. 531, 533 (1970) (finding Seventh Amendment right to a jury trial in actions such as libel, recovery of land or conversion). Again, Ms. Bias is seeking only monetary relief in relation to these claims.

Finally, Ms. Bias has brought both federal and state and statutory claims. The remedy provided under RESPA, 12 USC § 2605(f), includes only monetary damages, there is no right to any equitable relief through the statute. As to individuals, 12 USC § 2605(f) provides,

> (f) Damages and costs. Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
> > (1) Individuals. In the case of any action by an individual, an amount equal to the sum of—
> > > (A) any actual damages to the borrower as a result of the failure; and
> > > (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000. . . .

*See also Soriano v. Countrywide Home Loans, Inc.*, 2011 U.S. Dist. LEXIS 159049 * 3-4 (language acknowledging Plaintiff's right to a jury trial exists for RESPA claim).

The statute that provides for recovery for violation of Washington's CPA, RCW 19.86.085, allows for both equitable relief and monetary damages. Again, Ms. Bias is only seeking monetary damages. "'Whether a particular claim is to be accorded the right to jury trial under the Seventh Amendment,'depends on the nature of the issue to be tried rather than the character of the overall

Motion to Withdraw Reference  - Page 6

action." *McGranahan v. Christian (In re Cent. Valley Processing)*, 2006 U.S. Dist. LEXIS 41783 at * 10 , *quoting Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 569 (1990). Ms. Bias counsel could not locate a case clarifying this issue. However, given Ms. Bias seeks only monetary damages and the facts that give rise to the CPA necessarily involve resolution of Ms. Bias other claims, the nature of the issues to be tried support a finding that Ms. Bias CPA claim is legal in nature.

If the Court finds otherwise, at best her CPA claim is mixed involving both equitable and legal issues. This is similar to the issue addressed by the Bankruptcy Court in *Butler v. Anderson* (*In re C.R. Stone Concrete Contrs. Inc.*), 2013 Bankr. LEXIS 5692 at *48-51. In addition to several other claims, the Court addressed the issue of whether a right to jury trial arose from Massachusetts Consumer Protection Act. *Id.* The Court acknowledged that no right to a jury trial exist with respect to that claim but explained, "'facts common to legal and equitable claims must be adjudicated by a jury,' meaning that 'a court may not try the equitable claims first because to do so would subject the jury's findings to the principles of collateral estoppel.'" *Id.* at *50 *quoting Nickless v. Distefano* (*In re Basile*), 472 B.R. 147, 151 (Bankr. D. Mass. 2012) *citing Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-511 (1959); & *citing Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962). The Court explained that matter had to go to a jury first to determine those facts associated with the other claims before the judge could rule on that particular claim. *Id.* The interest of judicial efficiency and ensuring consistent outcomes supports allowing a jury to address the facts and make findings as they relate to the other claims first. If the Court finds Washington's CPA claim is an action in equity, in large part it still requires resolution of facts and issues by a jury.

Motion to Withdraw Reference - Page 7

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

**B.    Even if withdrawal of the reference is not required as a matter of right, the reference should be withdrawn based upon judicial efficiency and other relevant factors.**

If the Court finds withdrawal of the reference is not required as a matter of right, in determining whether cause exists to withdraw the reference the Court considers the following: 1) the efficient use of judicial resources, 2) delay and costs to the parties, 3) uniformity of the bankruptcy administration, 4) the prevention of forum shopping, 5) other related factors including whether the claims at issue are core or non-core claims. *Id., citing Security Farms v. International Brotherhood of Teamsters, et al.*, 124 F.3d 999, 1008 (9th Cir. 1993).

In non-core proceedings, "'the bankruptcy courts instead submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment.'" *Pac. Int'l Grout Co. V. Pac. Int'l Gout Co. (In re Zinkova)*, 2012 U.S. Dist. LEXIS 71326 at *4 (W.D. WA, May 21, 2012), *quoting Stern v. Marshall*, 564 U.S. 462, 489 (2011); See also 28 U.S.C. § 157(c)(1).[1] Given Ms. Bias counterclaims are all non-core claims, any decisions rendered in the case would have to be submitted to the District Court for review and entry of an order. Ms. Bias' counterclaims would also need to be transferred to the District Court for trial as all parties have not consented. It would be most efficient for all parties if the matter were referred back to District Court given these facts. Further, there are no other factors that weigh in favor of the Bankruptcy Court's retention of this matter. There is no evidence of forum shopping, at least not by Ms. Bias.

---

[1]Ms. Bias did file a motion to dismiss the revision claim brought by Bayview as it is a non-core proceeding arguing that the matter no longer related to the bankruptcy proceeding under 28 U.S.C § 127(c)(1).

Motion to Withdraw Reference  - Page 8

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

Given Ms. Bias has raised a federal claim, it makes most sense for her to simply request withdrawal of the reference as it is likely if filed in state court the matter will be removed. For the reasons stated above, the factors weigh in favor of withdrawal of the reference.

## V.   CONCLUSION

For the reasons stated above, Ms. Bias requests the Court withdraw the reference to Bankruptcy Court and transfer her counterclaims to District Court.

Dated this 25th day of November, 2020

/s/Chellie Hammack
Chellie Hammack, WSBA#31796
Attorney for Ms. Bias

Motion to Withdraw Reference  - Page 9

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

## CERTIFICATE OF MAILING

The undersigned declares under penalties of perjury of the laws of the State of Washington as follows: On November 25, 2020, I served the attached Notice of Motion, Motion to Withdraw Reference on the parties listed below by first class mail, postage prepaid and/or the Court's ECF system.

Jason Wilson-Aguilar, Chapter 13 Trustee
600 University St. Suite 1300
Seattle, WA 98101


Gregor Hensrude, Attorneys for Bayview Loan Servicing LLC
Anthony Soldato
Klinedinst PC
701 Fifth Ave., Suite 1220
Seattle, WA 98104


Dated this 15th day of September, 2020   /s/Chellie Hammack
                   Chellie Hammack , WSBA #31796
                   Attorney for Debtor(s)

Motion to Withdraw Reference  - Page 10

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

1
2
3
4
5
6
7
8                   UNITED STATES BANKRUPTCY COURT
9          WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re: | Case No. 19-13035 - TWD |
|---|---|
| EUNICE BIAS, | Adv. Proc. No. 20-01035 |
| Debtor. | DECLARATION OF COUNSEL CHELLIE HAMMACK IN SUPPORT OF MOTION TO WITHDRAW REFERENCE |
| BAYVIEW LOAN SERVICING, LLC, Plaintiff, | NOTE ON MOTION CALENDAR: 1/8/2021 |
| v. | |
| EUNICE BIAS, AND DOES 10-10, Defendants. | |

I, Chellie Hammack, state and affirm as follows:

1.      I am the attorney for the debtor.  I am over the age of 18 and competent to testify.

2.      A true and correct copy of Bayview's Adversary Complaint is attached as Exhibit A.

3.      A true and correct copy of Bias' Answer & Counterclaims is attached as Exhibit B.

Motion Withdrawal of Reference - Decl. Hammack - Page 1

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

4.    A true and correct copy of Bias' Jury Demand is attached as Exhibit C.

5.    A true and correct copy of the Court's Order requiring the parties brief the issue of whether Ms. Bias was entitled to a jury trial is attached as Exhibit D.

6.    A true and correct copy of Ms. Bias' consent for the Court to preside over the jury trial is attached as Exhibit E.

7.    A true and correct copy of Bayview's statement of non-consent for the Court to preside over the jury trial is attached as Exhibit F. See page 2.

8.    A true and correct copy of the Court's Order dated November 6, 2020 regarding jury trial and withdrawal of the reference is attached as Exhibit G.

9.    There have been no other court proceedings relating to  Ms. Bias counterclaims than those set out specifically in the motion, although a small amount of discovery relating to those claims has occurred.  The remaining Court proceedings as noted in the docket relate primarily to Bayview's claim of reformation and include Bias' motion to dismiss for lack of subject matter jurisdiction & failure to join a necessary party (Dkt #s 17, 18, 26, 29, 31, 38 & 40), and Bayview's motion summary judgment (Dkt #s 21-23, 32-35, 37 & 42).

I declare under penalty of perjury under the laws of the State of Washington that the declaration above is true and correct to the best of my knowledge.


DATED: November 25, 2020

                                        /s/ Chellie Hammack
                                        Chellie Hammack , WSBA #31796
                                        Attorney for Debtor(s)


Motion Withdrawal of Reference - Decl. Hammack - Page 2        **C.M. Hammack Law Firm**
                                                                1604 Hewitt Ave., Suite 313
                                                                    Everett, WA 98201
                                                                    (206) 223-1909

# Exhibit A

1
2
3
4
5
6
7
8

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | Case No. 19-13035-TWD |
| EUNICE BIAS, | Chapter 13 |
|       Debtor. | **ADVERSARY NO.** |
| | **ADVERSARY COMPLAINT FOR REFORMATION OF PROMISSORY NOTE** |
| BAYVIEW LOAN SERVICING, LLC, | |
| v. | |
| EUNICE BIAS, and DOES 1-10 | |
|       Debtor. | |

COMES NOW plaintiff Bayview Loan Servicing, LLC ("Plaintiff"), and alleges as follows:

## I.    <u>PARTIES AND VENUE</u>

1.    Plaintiff is a Delaware limited liability corporation with its principal place of business in Florida. Plaintiff is, and at all times herein mentioned, an entity duly authorized to transact business in the State of Washington.

---

BAYVIEW'S ADVERSARY COMPLAINT - 1
[19-13035-TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Tel: (206) 682-3366 | Fax: (206) 682-7449

2.      This action concerns real property located in the City of Seattle, County of King, State of Washington, and specifically the property is commonly known as: 4633 S. Chicago Street, Seattle, WA 98118 (the "Chicago Street Property").

3.      Plaintiff is informed and believes that defendant/borrower Eunice Bias ("Bias") is an individual residing in Seattle, Washington and is the current record owner and occupant of the Chicago Street Property.  Bias filed her petition in the underlying Chapter 13 bankruptcy case on August 15, 2019.

4.      This is a core proceeding over which this court has jurisdiction under 28 U.S.C. § 157(b)(2)(A)(B) and (O).

5.      Venue is properly placed in this court under 28 U.S.C. § 1409(a).

6.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes that defendants named herein as DOES 1 through 10 have, or may claim to have, some right, title or interest in and to the Chicago St. Property, the exact nature of which is unknown to Plaintiff and Plaintiff will seek leave to amend this complaint ("Complaint") to allege their true names and capacities when and as ascertained, and will further ask leave to join said defendants in these proceedings.

## II.      FACTUAL BACKGROUND

7.      On or about August 15, 2000, Clyde Bias executed a Quit Claim Deed in favor of Debtor for the "Chicago Street Property").  A true and correct copy of the Quit Claim Deed as filed in this action is attached hereto and incorporated by reference as Exhibit A.

8.      On or about August 15, 2000, Debtor executed two Deeds of Trust in favor of Citi Financial, Inc. in the amounts of $115,152.29 and $20,000.00 securing the Chicago Street

---

BAYVIEW'S ADVERSARY COMPLAINT - 2
[19-13035-TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Tel: 206.682.7007 Fax: 206.682.7449

Property. Both Deeds of Trust reflect they were recorded. True and correct copy of the Deeds of Trust as filed in this action attached hereto and incorporated by reference as Exhibit B.

9.      On or about August 23, 2002, Debtor executed and delivered to Citi Financial, Inc., a Promissory Note in the original principal amount of $116,712.79 (a true and correct copy of the "Note" and is attached). The note is secured by a Deed of Trust, which was recorded on August 27, 2002. True and correct copies of the Note was included in Creditor's Proof of Claim1-1 ("Claim 1-1" or "POC") filed on October 7, 2019 and are attached hereto and incorporated by reference as Exhibit C.

10.     Based upon information and belief, due to a mutual mistake, the Note identified in the "Security Agreement" provision that the "loan is secured by either a Deed of Trust or Mortgage on real property located at 823 32ND AVE SO SEATTLE WA 98144. See either the Deed of Trust or the Mortgage for terms applicable to Lender's interest in Borrower's real property ("Property")." However, the Note and Deed of Trust did not match the correct property address for the Chicago Street Property. Both Bias and Plaintiff's predecessor in interest intended the property address on the Note to match the property for which the loan was provided, and to match the attendant Deed of Trust. Due to a mistake not realized by either party on signing, the Note had the wrong address.

11.     During the pendency of the underlying bankruptcy action it was discovered that Plaintiff recognized such mutual mistake. However, based upon Bias' position in the objection and bankruptcy proceedings to date, Plaintiff understands that Bias continues to dispute the extent and validity of such lien and objects to the security interest pursuant to the Deed of Trust and accompanying Note.

---

BAYVIEW'S ADVERSARY COMPLAINT - 3
[19-13035-TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Tel: (206) 682-7067

12. The legal description for the Deed of Trust references the Property as follows:

LOT 6, BLOCK 7, CEDAR GROVE ADDITION TO THE CITY OF SEATTLE, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 13 OF PLATS, PAGE(S) 18, RECORDS OF KING COUNTY, WASHINGTON.

The APN is 144350-0100-00, and the recording number for the Deed of Trust is 20020827001908.

12. On February 3, 2011, Bias entered into an Adjustment of Terms Agreement modifying the loan and incorporating the provisions of the Note and Deed of Trust. A true and correct copy of the Adjustment of Terms Agreement as filed in this action is included in Claim 1-1, and is attached hereto and incorporated by reference as Exhibit D.

13. Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to Plaintiff. A true and correct copy of the Corporate Assignment of Deed of Trust as filed in this action is attached hereto and incorporated by reference as Exhibit E.

14. On or about August 15, 2019, Bias filed a Chapter 13 bankruptcy petition. Bias lists Bayview Loan Servicing in Schedule D and describes the property that secures the claim as the Chicago Street Property. (Dkt. 13.)

15. Bias' Original Chapter 13 Plan provided for the trustee to disburse post-petition payments to Bayview for its lien on the Chicago Street Property and for the cure of arrears in the amount of $29,000.00. (Dkt. 12.)

16. On or about October 7, 2019, Plaintiff filed a proof of claim in the above-referenced bankruptcy case, asserting a claim based upon the Note and Deed of Trust alleging a security interest in the Chicago Street Property.

BAYVIEW'S ADVERSARY COMPLAINT - 4
[19-13035-TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Tel: (206) 682-3857 Fax: (206) 682-7449

Case 20-01035-TWD    Doc 4-31    Filed 05/12/20    Entered 05/12/20 16:26:33    Pg. 46 of 378    24

17.     Based upon certain filings objection to such claims by Plaintiff in this action (Dkts. 45, 49, 50, 52, and 55), Bias disputes the validity of the Note.  Thus, Plaintiff now seeks to appropriately and reasonably correct the Note and retain its legal, security interest in the Chicago Street Property to further the ends of equity and justice in affirmation of the underlying security in the Chicago Street Property.

### III.     CAUSE OF ACTION

### (REFORMATION OF NOTE)

18.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 inclusive of this Complaint as set forth herein.

19.     The address for the subject property contained in the Note is incorrect and based upon a mutual mistake between the original signatories there is a genuine dispute as to the validity of the lien and security interest with respect to the Deed of Trust and accompanying interests in the Note and Adjustment Agreement. The correct address should read as follows:

**4633 S. Chicago Street, Seattle, WA 98118 (the "Chicago Street Property")**

Accordingly, the address should match the correct legal description on the Deed of Trust for the security interest in the Chicago Street Property.

20.     All parties intended the Note and Deed of Trust, including the Adjustment Agreement incorporating such terms, to encumber the Chicago Street Property as set forth with the correct address and legal description as set forth above.  And the Deed of Trust accompanying the Note correctly stated both but the Note does not contain the Chicago Street Property address.

21.     Plaintiff is entitled to judgment in equity and an order reforming the Note, and thus the Adjustment Agreement incorporating such repayment terms, to include the correct address and legal description in accordance with the intent of the parties.

---

BAYVIEW'S ADVERSARY COMPLAINT - 5
[19-13035-TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Tel: (206) 682-7701 Fax: (206) 682-7449

Case 20-01035-TWD    Doc 43    Filed 05/12/20    Entered 05/12/20 19:26:33    Pg 5000 of 38     25

# IV.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.      For an order to reform the Note and Adjustment Agreement to include the correct subject property address for the Chicago Street Property;

2.      For attorney's fees and costs according to proof in an amount the Court deems reasonable and based upon the contractual terms of the Note, Deed of Trust, and Adjustment Agreement;

3.      For all costs of suit incurred herein; and

4.      For such other and further relief as the Court may deem just and proper.

DATED this 12th day of May 2020.

KLINEDINST PC

By: *s/Gregor A. Hensrude* _____
Gregor A. Hensrude, WSBA #45918
Anthony C. Soldato, WSBA #46206
Klinedinst PC
701 5th Ave Suite 1220
Seattle WA 98104
(206) 682-7701
ghensrude@klinedinstlaw.com
asoldato@klinedinstlaw.com
Attorneys for Bayview Loan Servicing

BAYVIEW'S ADVERSARY COMPLAINT - 6
[19-13035-TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Tel: (206) 682-7701 Fax: (206) 682-7449

Case 20-01035-TWD    Doc 1    Filed 05/12/20    Ent. 05/12/20 16:26:37    Pg. 6 of 38

26

## CERTIFICATE OF SERVICE

I, Riley C. Stroeder, hereby certify that on the date below, I served the foregoing on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

Eunice Bias
4633 S. Chicago St.
Seattle WA 98188

I, Riley C. Stroeder, hereby certify that on the date below, I served the foregoing on the following individuals by electronic means through the Court's ECF service:

### DEBTOR(S) ATTORNEY

Chellie M Hammack
CM Hammack Law Firm
1001 4th Ave., Ste 3200
Seattle WA 98154
cmh@hammacl-law.com

### UNITED STATES TRUSTEE

United States Trustee
700 Stewart St, Ste 5103
Seattle WA 98101
USTPRegion18.SP.ECF@usdoj.gov
courtmail@seattlech13.com

### ATTORNEY FOR SECURED CREDITOR

Jesse A.P. Baker
Aldridge Pite, LLP
The Ogden Building
9311 SE 36th St Ste 100
Mercer Island WA 98040
jbaer@aldridgepite.com

DATED this 12th day of May, 2020, at Seattle, Washington.

*s/Riley C. Stroeder*
Riley C. Stroeder, Legal Assistant

18410802.1

---

BAYVIEW'S ADVERSARY COMPLAINT - 7
[19-13035-TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104
Tel: (206) 682-7067 | Fax: (206) 682-7449

# Exhibit A



20000818000590
STEWART TITLE QCD
PAGE 001 OF 002
08/18/2000 16:52
KING COUNTY, WA

E1771095
08/18/2000 09:32
KING COUNTY, WA
TAX        $2.00
SALE       $0.00                    PAGE 001 OF 001

**AFTER RECORDING MAIL TO:**

Name_____CITIFINANCIAL_____

Address_____PO BOX 5220_____

City / State__KENT, WA. 98064_____

2000 081 8000590

## Quit Claim Deed

First American Title
Insurance Company

THE GRANTOR   CLYDE BIAS

for and in consideration of TO SEPARATE COMMUNITY
PROPERTY

STEWART TITLE
20000 8405 ②

conveys and quit claims to   EUNICE M. BIAS

*(this space for title company use only)*

the following described real estate, situated in the County of   KING                        , State of Washington,

together with all after acquired title of the grantor(s) therein:

> LOT 6, BLOCK 7, CEDAR GROVE ADDITION TO
> THE CITY OF SEATTLE, ACCORDING TO THE PLAT
> THEREOF, RECORDED IN VOLUME 13 OF PLATS,
> PAGES 18, IN KING COUNTY, WASHINGTON.
>
> 144350-1000-00

Assessor's Property Tax Parcel/Account Number(s):      144350-1000-00

Dated _____8 - 15_____, 2000

*Clyde Bias*
    (Individual)

*Eunice Bias*
    (Individual)

By _____
                        (President)

By _____
                        (Secretary)

LPB-12 (11/96)

STATE OF WASHINGTON, } ss

ACKNOWLEDGMENT - Individual

County of King

On this day personally appeared before me Clyde BiAS and
EUnice BiAS
to me known

to be the individual(s) described in and who executed the within and foregoing instrument, and acknowledged that they

signed the same as their free and voluntary act and deed, for the uses and purposes therein mentioned

GIVEN under my hand and official seal this 15th day of August.

DENNIS J MOSER
COMMISSION EXPIRES
NOTARY
— ★ —
PUBLIC
AUGUST 19, 2001
STATE OF WASHINGTON

Dennis M Moser
Notary Public in and for the State of Washington,
residing at 8-19-2001
My appointment expires 8-19-2001

---

STATE OF WASHINGTON, } ss

ACKNOWLEDGMENT - Corporate

County of

On this _____ day of _____, 19____, before me, the undersigned, a Notary Public in and for the State of

Washington, duly commissioned and sworn, personally appeared _____

_____ and _____ to me known to be the

_____ President and _____ Secretary, respectively, of _____

_____ the corporation that executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary

act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that _____

authorized to execute the said instrument and that the seal affixed (if any) is the corporate seal of said corporation.

Witness my hand and official seal hereto affixed the day and year first above written

_____
Notary Public in and for the State of Washington,
residing at

My appointment expires _____

WA-46A (11/96)

This jurat is page _____ of _____ and is attached to _____ dated _____

2006 081 5000596

# Exhibit B

WHEN RECORDED MAIL TO
*CITIFINANCIAL, INC*

Street Address
25840 104TH AVE SE

City/State/Zip
KENT, WA 98031



2000081800591
STEWART TITLE DT 12.00
PAGE 001 OF 005
08/18/2000 10:52
KING COUNTY, WA



**DEED OF TRUST**

THIS DEED OF TRUST is made this 15th day of August , 2000 , among the Grantor,

**EUNICE M. BIAS, A SINGLE PERSON**
(herein "Borrower"),
STEWART TITLE (herein "Trustee").
and the Beneficiary, CITIFINANCIAL, INC.
a corporation organized and existing under the laws of Maryland , whose
address is 25840 104TH AVE SE KENT, WA 98031 (herein
"Lender")

BORROWER, in consideration of the indebtedness herein recited and the trust herein created,
irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property
located in the County of KING , State of Washington

LOT 6, BLOCK 7, CEDAR GROVE ADDITION TO THE CITY OF SEATTLE, ACCORDING
TO THE PLAT THEREOF, RECORDED IN VOLUME 13 OF PLATS, PAGES 18, IN
KING COUNTY, WASHINGTON.

144350-1000-00

which has the address of
Washington (herein "Property Address"),

TOGETHER with all the improvements now or hereafter erected on the property, and all easements,
rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect
and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this
Deed of Trust, and all of the foregoing, together with said property (or the leasehold estate if this Deed of
Trust is on a leasehold) are hereinafter referred to as the "Property".

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note
dated 08/15/2000 and extensions and renewals thereof (herein "Note"), in the principal sum of U S
$ 115,152.29 , with interest thereon, providing for monthly installments of principal and interest, with
the balance of the indebtedness, if not sooner paid, due and payable on 08/21/2030 , the payment of all
other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of
Trust, and the performance of the covenants and agreements of Borrower herein contained

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to
grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record
Borrower covenants that Borrower warrants and will defend generally the title to the Property against all
claims and demands, subject to encumbrances of record

WA 27128-5 1/98     **Original (Recorded)     Copy (Branch)     Copy (Customer)**     Page 1 of 5

UNIFORM COVENANTS   Borrower and Lender covenant and agree as follows

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof  Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution)  Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents  Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge  Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds  Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made  The Funds are pledged as additional security for the sums secured by this Deed of Trust

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds  If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender  If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due  Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld  All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender  Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender  Lender may make proof of loss if not made promptly by Borrower

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold  If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents

WA 27128-5 1/98      **Original (Recorded)**   Copy (Branch)   Copy (Customer)   Page 2 of 5

2000 081 9000591

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust Unless Borrower and Lender agree to other terms of payment, such amount shall be payable upon notice from Lender to Borrower requesting payment thereof Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest  Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest  Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers**  The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof  All covenants and agreements of Borrower shall be joint and several  Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein  Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located  In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable  As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair or other loan agreement which Borrower enters into with Lender Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust  However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust

2006 081 8060591

If Lender exercises this option, Lender shall give Borrower notice of acceleration The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower

NON-UNIFORM COVENANTS  Borrower and Lender further covenant and agree as follows

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property at public auction at a date not less than 120 days in the future. The notice shall further inform Borrower of (i) the right to reinstate after acceleration, (ii) the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure, and (iii) any other matters required to be included in such notice by applicable law. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

**If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as applicable law may require. After the lapse of such time as may be required by applicable law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of the Property for a period or periods not exceeding a total of 30 days by public announcement at the time and place fixed in the notice of sale. Lender or Lender's designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto, or to the Clerk of the Superior Court of the County in which the sale took place.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the tenth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred, (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust, (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees, and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due  All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust  Lender and the receiver shall be liable to account only for those rents actually received

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee  Trustee shall reconvey the Property without warranty but Lender or Trustee will collect a reconveyance fee and any fees required by public officials in connection with the payoff

of the indebtedness secured by this Deed of Trust  The Trustee will file all appropriate documents with the appropriate public official to evidence the satisfaction of the underlying indebtedness, and/or reconveyance of this Deed of Trust, and/or release of the Lender's interest in the Property

**21. Substitute Trustee.** In accordance with applicable law, Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder who has ceased to act  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law

**22. Use of Property.** The Property is not used principally for agricultural or farming purposes

**23. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge  If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law

As used in this paragraph 23, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances  gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials  As used in this paragraph 23, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

2006 081 80C0591

## REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, with a copy to P  O  Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust

EUNICE BIAS                                                          Borrower

CLYDE BIAS                                                           Borrower

STATE OF WASHINGTON,  KING                          County ss

On this          15TH day of  AUGUST    , 2000    , before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared  EUNICE BIAS
AND CLYDE BIAS
, to me known to be the individual(s)
described in and who executed the foregoing instrument, and acknowledged to me that  THEY
signed and sealed the said instrument as          THEIR                    free and voluntary act and deed, for the uses and purposes therein mentioned

WITNESS my hand and official seal affixed the day and year in this certificate above written

My Commission expires

Notary Public in and for the State of Washington residing

NOTARY
PUBLIC

REQUEST FOR RECONVEYANCE

TO TRUSTEE

The undersigned is the holder of the note or notes secured by this Deed of Trust  Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full  You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto

Date

**Original (Recorded)**      Copy (Branch)      Copy (Customer)

WA 27128-5  1/98 ————— (Space Below This Line Reserved For Lender and Recorder) —————      Page 5 of 5

Return Address
CITIFINANCIAL, INC.

25840 104TH AVE SE
KENT, WA. 98031



20000818000592
STEWART TITLE  DT              12 00
PAGE 001 OF 005
08/18/2000 10:52
KING COUNTY, WA

## DEED OF TRUST 2nd

This Deed of Trust secures future advances

THIS DEED OF TRUST is made this 15th day of August       , 2000, among the Grantor,

**EUNICE M. BIAS, A SINGLE PERSON**

(herein "Borrower"),

STEWART TITLE                                                    (herein "Trustee"),
and the Beneficiary,   CITIFINANCIAL, INC.
a corporation organized and existing    under the laws of   Maryland                    , whose
address is  25840 104TH AVE SE  KENT, WA. 98031                                        (herein
"Lender")

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of  KING                          , State of Washington

WHEREAS, Borrower is indebted to Lender in the principal sum of $    20,000.00  , or so much thereof as may be advanced pursuant to Borrower's Home Equity Line of Credit Agreement and Disclosure Statement dated  08/15/2000   and extensions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and under the terms specified in the Note, including any adjustments in the interest rate if that rate is variable, and providing for a credit limit stated in the principal sum above and an initial advance of $ 0.00           Lender agrees to make advances to Borrower under the terms of the Note, which advances will be of a revolving nature and may be made, repaid and unmade from time to time

TO SECURE to Lender the repayment of the indebtedness, including all present and future advances evidenced by the Note with interest thereon, at the applicable contract rate (including any adjustments to the amount of payment of the contract rate if that rate is variable) and other charges, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust, and the performance of the covenants and agreements of Borrower herein contained

LOT 6, BLOCK 7, CEDAR GROVE ADDITION TO THE CITY OF SEATTLE, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 13 OF PLATS, PAGES 18, IN KING COUNTY, WASHINGTON

144350-1000-00

which has the address of
Washington                  (herein "Property Address"),

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust, and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property",

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated  08/15/2000      and extensions and renewals thereof (herein "Note"), in the principal sum of U S $  20,000 00  , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on              , the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust, and the performance of the covenants and agreements of Borrower herein contained

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record

WA 29660-2 1/98      Original(Recorded)    Copy(Branch)    Copy(Customer)    Page 1 of 5

UNIFORM COVENANTS  Borrower and Lender covenant and agree as follows

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof  Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution)  Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents  Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge  Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds  Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made  The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds  If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender  If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due  Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender, provided, that such approval shall not be unreasonably withheld  All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender  Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender  Lender may make proof of loss if not made promptly by Borrower

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold  If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents

WA 29660-2 1/98    **Original (Recorded)    Copy (Branch)    Copy (Customer)    Page 2 of 5**

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest  If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust  Unless Borrower and Lender agree to other terms of payment, such amount shall be payable upon notice from Lender to Borrower requesting payment thereof  Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property

**9. Condemnation** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest  Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest  Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof  All covenants and agreements of Borrower shall be joint and several  Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein  Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located  The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust  In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable  As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair or other loan agreement which Borrower enters into with Lender  Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust  However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property at public auction at a date not less than 120 days in the future. The notice shall further inform Borrower of (i) the right to reinstate after acceleration, (ii) the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure, and (iii) any other matters required to be included in such notice by applicable law. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as applicable law may require. After the lapse of such time as may be required by applicable law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of the Property for a period or periods not exceeding a total of 30 days by public announcement at the time and place fixed in the notice of sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto, or to the Clerk of the Superior Court of the County in which the sale took place.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the tenth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty but Lender or Trustee will collect a reconveyance fee and any fees required by public officials in connection with the payoff

2006 981 8000592

of the indebtedness secured by this Deed of Trust The Trustee will file all appropriate documents with the appropriate public official to evidence the satisfaction of the underlying indebtedness, and/or reconveyance of this Deed of Trust, and/or release of the Lender's interest in the Property

**21. Substitute Trustee.** In accordance with applicable law, Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder who has ceased to act Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law

**22. Use of Property.** The Property is not used principally for agricultural or farming purposes

**23. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law

As used in this paragraph 23, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials As used in this paragraph 23, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, with a copy to P O Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust

*Eunice Bias*
EUNICE BIAS                                          Borrower

*Clyde Bias*
CLYDE BIAS                                           Borrower

STATE OF WASHINGTON,        KING                          County ss

On this      15TH      day of    AUGUST   , 2000    , before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared   EUNICE BIAS     AND CLYDE BIAS                          , to me known to be the individual(s) described in and who executed the foregoing instrument, and acknowledged to me that   THEY   signed and sealed the said instrument as      THEIR      free and voluntary act and deed, for the uses and purposes therein mentioned

WITNESS my hand and official seal affixed the day and year in this certificate above written

My Commission expires

*Dennis Mose*

REQUEST FOR RECONVEYANCE

#### TO TRUSTEE
The undersigned is the holder of the note or notes secured by this Deed of Trust Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto

Date

WA 29660-2 1/98   **Original (Recorded)    Copy (Branch)    Copy (Customer)**      Page 5 of 5
——————— (Space Below This Line Reserved For Lender and Recorder) ———————

2000 081 8000592

# Exhibit C

# Disclosure Statement, Note and Security Agreement

| Borrower(s) (Name and mailing address) | Lender (Name, address, city and state) | |
|---|---|---|
| EUNICE BIAS<br>823 32ND AVE SO<br>SEATTLE WA 98144 | CITIFINANCIAL, INC.<br><br>25840 104TH AVE SE<br>KENT, WA. 98031 | Account No.<br>205229<br>Date of Loan<br>08/23/2002 |

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower. | Amount Financed<br>The amount of credit provided to Borrower or on Borrower's behalf. | Total of Payments<br>The amount Borrower will have paid after Borrower has made all payments as scheduled. |
|---|---|---|---|
| 8.99 % | $ 221,085.83 | $ 116,712.79 | $ 337,798.62 |

**Payment Schedule:**

| Number of Payments | Amount of Payments * | When Payments Are Due |
|---|---|---|
| 1 | $ 1,024.31 | 10/01/2002 |
| 359 | $ 938.09 | MONTHLY BEGINNING 11/01/2002 |
| | $ | |
| | $ | |

See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**Security:** The loan is secured by real property.

**Late Charge:** If a payment is late 15 days or more, Borrower will be charged 5.0 percent of the unpaid amount.

**Prepayment:** If Borrower pays off early, Borrower may have to pay a penalty.

\* Does not include any insurance premium.

Additional Information:

| Total amount of first month's payment including insurance premiums, if any.<br>$ 1,024.31 | PRINCIPAL AMOUNT<br>$ 116,712.79 | ORIGINATION FEE<br>$ NONE | DATE CHARGES BEGIN<br>08/28/2002 |
|---|---|---|---|

**Required Insurance Disclosure:**
If Borrower grants Lender a security interest as indicated in this document, insurance to protect the Lender's interest in the collateral may be required. **If this loan is secured by real property, or mobile/manufactured home, then fire, extended coverage, collision and/or comprehensive casualty insurance is required naming Lender as loss payee, until the loan is fully paid.** The amount of such insurance must be sufficient to satisfy the unpaid balance of the loan, or be equal to the value of the collateral, whichever is less. Such insurance may be provided through an existing policy or a policy obtained independently and purchased by Borrower. Borrower may obtain such insurance from any insurer that is reasonably acceptable to Lender.

**Optional Insurance Disclosure:**
**Borrower is not required to purchase optional insurance products, such as: Credit Life, Credit Disability, Involuntary Unemployment Insurance or any other optional insurance products. Lender's decision to grant credit will not be affected by Borrower's decision to purchase or decline to purchase optional insurance.**

**Coverage will not be provided unless Borrower signs and agrees to pay the applicable monthly premium in addition to the monthly loan payment disclosed above.**

**Borrower should refer to the terms contained in the applicable certificate or policy of insurance issued for the exact description of benefits, exclusions and premium rates.**

**If Borrower purchases insurance, Borrower's monthly payment will include both the monthly loan payment disclosed above and the applicable monthly premiums.**

I/We request the following insurance:

| Premium Due with the First Month's Loan Payment | First Year's Premium * | Insurance Type: |
|---|---|---|
| $NONE | $ | |
| $NONE | $ | |
| $NONE | $ | |

First Borrower's Signature _Eunice Bias_    Date _8-23-02_

Second Borrower's Signature _____    Date _____

(\* First year's premiums are calculated on the assumption that monthly loan payments are timely made). Accrued but unpaid premium, if not paid earlier, will be due and payable at the time of the final payment on the loan. However, failure to pay premiums may result in termination of insurance as described below.

**Termination of Insurance:**
Borrower may cancel any of the optional insurance products offered at any time. The optional insurance will terminate upon the earliest of the following occurrences:
(1) the Lender's receipt of Borrower's written request for termination;
(2) on the date when the sum of past due premiums equal or exceed four times the first month premium;
(3) termination pursuant to the provisions of the insurance certificate;
(4) payment in full of Borrower's Loan;
(5) death of Borrower.

**TERMS:** In this Disclosure Statement, Note and Security Agreement, the word "Borrower" refers to the persons signing below as Borrower, whether one or more. If more than one Borrower signs, each will be responsible, individually and together, for all promises made and for repaying the loan in full. The word "Lender" refers to the Lender, whose name and address are shown above.

**PROMISE TO PAY:** In return for a loan that Borrower has received, Borrower promises to pay to the order of Lender the Principal Amount (which may include an origination fee which is not refundable in the event of prepayment) shown above, plus interest on the unpaid Principal balance from the Date Charges Begin shown above until fully paid at the following Rate of Interest:

08.9880 % per annum on the entire unpaid Principal balance. Lender will compute interest on the unpaid Principal balance on a daily basis from the date charges begin until Borrower repays the loan. If Borrower does not make sufficient or timely payments according to the payment schedule above, Borrower will incur greater interest charges on the loan.

Principal and interest shall be payable in the substantially equal monthly installments shown above, except that any appropriate adjustments will be made to the first and final payments, beginning on the first payment date shown above and continuing on the same day in each following month until paid in full. Upon the final payment date, the entire outstanding balance of Principal and interest evidenced by this Disclosure Statement, Note and Security Agreement shall be due and payable. Any payment(s) which Lender accepts after the final payment date do not constitute a renewal or extension of this loan unless Lender so determines. Each payment shall be applied as follows: (1) late charges and monthly loan payments due (first to interest, then principal), (2) insurance premiums due, (3) unpaid interest accrued to date of payment, if any, then (4) principal. Lender may collect interest from and after maturity upon the unpaid Principal balance at the Rate of 12% per annum.

Borrower's Initials: _EB_ _____

**PREPAYMENT:** Borrower may make a full or partial prepayment of the unpaid Principal balance any time (check applicable box):

☐ without penalty.

☒ if this loan is secured primarily by a Mortgage or Deed of Trust on residential real property and Borrower prepays this loan in full during the first three (3) years from the Date of Loan, Borrower agrees to pay a prepayment charge, in addition to any accrued interest and charges, equal to six (6) months interest on the average balance of the principal obligation outstanding as of the last business day of each month for the prior six (6) months, or such lesser period as shall have elapsed from the Date Charges Begin, at the Rate of Interest prevailing under this Disclosure Statement, Note and Security Agreement. If prepayment occurs after three (3) years from the Date of Loan, there will be no prepayment fee.

When Borrower makes a prepayment, Borrower will tell Lender in a letter that Borrower is doing so. Lender will use Borrower's prepayments to reduce the amount of unpaid interest and charges and the amount of principal that Borrower owes under this Note. Partial prepayment and the application of a Refund to the unpaid balance of the loan will not affect the amount or due date of subsequent scheduled payments on the loan, unless Lender agrees in writing to any such delay or change, but may reduce the number of such payments. Borrower understands if the terms of this paragraph provide for a prepayment penalty, such terms do not apply to a renewal or refinancing of this loan by Lender, nor to the prepayment of this loan from the proceeds of any loan made in the future by Lender to Borrower. No prepayment charge will be collected if this loan is accelerated due to Borrower's default or Lender's exercise of any due on sale clause in the Deed of Trust securing this obligation.

**SECURITY AGREEMENT:**

The loan is secured by either a Deed of Trust or Mortgage on real property located at 823 32ND AVE SO SEATTLE WA 98144 . See either the Deed of Trust or the Mortgage for terms applicable to Lender's interest in Borrower's real property ("Property").

**TAXES AND FEES:** Borrower will pay all taxes, assessments, and other fees payable on the Property, this Disclosure Statement, Note and Security Agreement, or the loan, including, but not limited to any fee required by a public official to record the satisfaction of this loan, and/or the reconveyance of a Deed of Trust, and/or the release of Lender's interest in the Property. If Borrower fails to pay such amounts, Lender may pay such amounts for Borrower and the amounts paid by Lender will be added to the unpaid balance of the loan.

**INSURANCE:** If Borrower purchases any insurance at Lender's office, Borrower understands and acknowledges that (1) the insurance company may be affiliated with Lender, (2) Lender's employee(s) may be an agent for the insurance company, (3) such employee(s) is not acting as the agent, broker or fiduciary for Borrower on this loan, but may be the agent of the insurance company, and (4) Lender or the insurance company may realize some benefit from the sale of that insurance. If Borrower fails to obtain or maintain any required insurance or fails to designate an agent through whom the insurance is to be obtained, Lender may purchase such required insurance for Borrower through an agent of Lender's choice, and the amounts paid by Lender will be added to the unpaid balance of the loan.

**BAD CHECK FEE:** If Borrower's check is returned unpaid by the bank drawn upon, Lender may charge Borrower a fee of $15.00 for each check returned to Lender.

**LATE CHARGE:** If a payment is late 15 days or more, Lender may charge Borrower 5.0 percent on each dollar of any late payment.

**LOAN CHARGES:** If a law that applies to this loan and that sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from Borrower that exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under this loan or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge.

**DEFAULT:** Borrower will be in default if:
1. Borrower does not make any scheduled payment on time;
2. Borrower is (or any other person puts Borrower) in bankruptcy, insolvency or receivership;
3. Any of Borrower's creditors attempts by legal process to take and keep any property of Borrower, including the Property securing this loan;
4. Borrower fails to fulfill any promise made under this agreement; or
5. A default occurs under any Real Estate Mortgage or Deed of Trust which secures this loan or under any other mortgage or deed of trust on the real property.

If Borrower defaults, Lender may require Borrower to repay the entire unpaid balance and any accrued interest at once. Lender's failure to exercise or delay in exercising any of its rights when default occurs does not constitute a waiver of those or any other rights under this agreement. If the debt is referred for collection to an attorney who is not Lender's employee, Borrower agrees to pay reasonable attorney's fees, court costs and expenses of collection as permitted by law.

**LAW THAT APPLIES:** Federal law, including the Depository Institutions Deregulation and Monetary Control Act of 1980, and Washington law, as applicable, govern this Disclosure Statement, Note and Security Agreement. In no event will Borrower be required to pay interest or charges in excess of those permitted by law. Although Lender has a license under the Consumer Loan Act, it is not using its license to make this loan, which loan shall be governed by other applicable federal and Washington law.

**OTHER RIGHTS:** Lender may accept payments after maturity or after a default without waiving its rights with respect to any subsequent default in payment. Borrower agrees that Lender may extend time for payment after maturity without notice. The terms of this agreement can be waived or changed only in a writing signed by Lender.

Where the context requires, singular words may be read in the plural and plural words in the singular, and references to the masculine gender may be read to apply to the feminine gender.

**OTHER TERMS:** Each Borrower under this Disclosure Statement, Note and Security Agreement, if more than one, agrees that Lender may obtain approval from one Borrower to change the repayment terms and release any Property securing the loan, or add parties to or release parties from this agreement, without notice to any other Borrower and without releasing any other Borrower from his responsibilities. Lender does not have to notify Borrower before instituting suit if the note is not paid, and Lender can sue any or all Borrowers upon default by any Borrower.

Borrower, endorsers, sureties and guarantors, to the extent permitted by law, severally waive their right to require Lender to demand payment of amounts due, to give notice of amounts that have not been paid, to receive notice of any extensions of time to pay which Lender allows to any Borrower and to require Lender to show particular diligence in bringing suit against anyone responsible for repayment of this loan, and additionally, waive benefit of homestead and exemption laws now in force or later enacted, including stay of execution and condemnation, on any property securing this loan and waive the benefit of valuation and appraisement.

This Disclosure Statement, Note and Security Agreement shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding upon them, their heirs, successors, legal representatives and assigns.

If any part of the Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and accompanying Itemization of Amount Financed is unenforceable, this will not make any other part unenforceable.

**REFINANCING:** The overall cost of refinancing an existing loan balance may be greater than the cost of keeping the existing loan and obtaining a second loan for any additional funds Borrower wishes to borrow.

(Intentionally left blank)

Borrower's Initials: *E.B.* _____

# NOTICE OF ARBITRATION PROVISION

**THIS ARBITRATION PROVISION PROVIDES THAT ALL DISPUTES BETWEEN BORROWER AND LENDER, EXCEPT THOSE SPECIFIED BELOW, WILL BE RESOLVED BY MANDATORY, BINDING ARBITRATION.**
**YOU THUS GIVE UP YOUR RIGHT TO GO TO COURT TO ASSERT OR DEFEND YOUR RIGHTS (EXCEPT FOR MATTERS THAT ARE EXCLUDED FROM ARBITRATION AS SPECIFIED BELOW).**
**YOUR RIGHTS WILL BE DETERMINED BY A NEUTRAL ARBITRATOR AND NOT A JUDGE OR JURY.**
**YOU ARE ENTITLED TO A FAIR HEARING, BUT THE ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.**

In consideration of Lender making the extension of credit described above and other good and valuable consideration, the receipt and sufficiency of which is acknowledged by both parties, You and We agree that either You or We have an absolute right to demand that any Claim be submitted to an arbitrator in accordance with this Arbitration Provision. If either You or We file a lawsuit, counterclaim, or other action in court, the other party has the absolute right to demand arbitration following the filing of such action.

**Definitions for Arbitration Provision.** As used in this Arbitration Provision ("Provision"), the following definitions will apply:
"You" or "Your" means any or all of Borrower(s) who execute this Disclosure Statement, Note and Security Agreement, and their heirs, survivors, assigns, and representatives.
"We" or "Us" means the Lender under this Disclosure Statement, Note and Security Agreement, American Health & Life Insurance Company, Triton Insurance Company, and any assignee of Lender, together with all of their respective corporate parents, subsidiaries, affiliates, predecessors, assignees, successors, employees, agents, directors, and officers (whether acting in their corporate or individual capacity).
"Credit Transaction" means any one or more past, present, or future extension, application, or inquiry of credit or forbearance of payment such as a loan, retail credit agreement, or otherwise from any of Us to You.
"Claim" means any case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between You and Us. A Claim includes, without limitation, anything related to:
- This Provision, its enforceability, and the arbitrability of any Claim pursuant to this Provision, including but not limited to the scope of this Provision and any defenses to enforcement of this Provision;
- Any Credit Transaction;
- Any past, present, or future insurance, service, or other product that is offered or purchased in connection with a Credit Transaction;
- Any documents or instruments that contain information about any Credit Transaction, insurance, service, or product;
- Any act or omission by any of Us;
- Fraud or misrepresentation, including claims for failing to disclose material facts;
- Any federal or state statute or regulation, or any alleged violation thereof, including without limitation insurance, usury, and lending laws;
- Any party's execution of this Provision and/or willingness to be bound by its terms and provisions; or
- Any dispute about closing, servicing, collecting, or enforcing a Credit Transaction.

**Agreement to Arbitrate Claims.** Upon written request by either party that is submitted according to the applicable rules for arbitration, any Claim, except those specified below in this Provision, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act, (ii) the Financial Services Arbitration Rules and Procedures of JAMS/Endispute, Inc. ("Administrator"), and (iii) this Provision, unless we both agree in writing to forgo arbitration. The terms of this Provision shall control any inconsistency between the rules of the Administrator and this Provision. You may obtain a copy of the arbitration rules by calling (800) 448-1660 or by accessing the Administrator's internet site at www.jamsadr.com/financial_rules.asp. At Your request, We will obtain and provide to You copies of the Administrator's rules and other materials, including a form Demand For Arbitration. Any party to this Provision may bring an action, including a summary or expedited proceeding, to compel arbitration of any Claim, and/or to stay the litigation of any Claim pending arbitration, in any court having jurisdiction. Such action may be brought at any time, even if a Claim is part of a lawsuit, up until the entry of a final judgment. Pursuant to this Provision, You and We also agree to submit to final, binding arbitration not only all Claims, but also any claim or dispute You or We have against (i) all persons or entities involved with any Credit Transaction or any other matter covered by this Disclosure Statement, Note and Security Agreement, (ii) all persons who signed or executed any document relating to any Credit Transaction or Claim, and (iii) all persons or entities who may be jointly or severally liable to either You or any of Us regarding any Claim.

**Judgment.** Judgment upon any arbitration award may be entered in any court having jurisdiction. If timely requested by either party, the arbitrator shall provide a brief written statement of the reasons for any award.

**Claims Excluded from Arbitration.** The following types of matters will not be arbitrated. This means that neither one of us can require the other to arbitrate:
- Any action to effect a foreclosure to transfer title to the property being foreclosed, or exercise of extra-judicial or self-help repossession under applicable law; or
- Any matter where all parties collectively (including multiple named parties) seek monetary relief in the aggregate of $15,000.00 or less in total relief, including but not limited to compensatory, statutory and punitive damages; restitution; disgorgement; costs and fees (including attorneys' fees), or any Claims brought in a small claims court. In the event You attempt to assert any of Your Claims on behalf of a putative class of persons, in violation of other terms in this Provision, the value of Your Claims will, for purposes of this exclusion, be deemed to exceed $15,000.00. In the event that any party fails to specify the amount being sought for any relief, or any form or component of relief, the amount being sought shall, for purposes of this exclusion, be deemed to exceed $15,000.00.

However, should either party initiate arbitration, the other party, at its option, may seek injunctive and monetary relief in arbitration. Participating in a lawsuit or seeking enforcement of this section by a court shall not waive the right to arbitrate any other Claim.

**Additional Terms.**
<u>Administration of Arbitration.</u> Arbitration shall be administered by the Administrator, but if it is unable or unwilling to administer the arbitration, then the American Arbitration Association will administer any arbitration required under this Provision pursuant to its Commercial Arbitration Rules and Expedited Procedures. The arbitrator shall make his or her decision in accordance with the applicable law, and shall be empowered to award any damages or other relief provided for under the applicable law.
<u>Place of Arbitration.</u> The arbitration shall be conducted in the county of Your residence, unless all parties agree to another location.
<u>Appeal.</u> Either You or We may appeal the arbitrator's award in accordance with the Optional Appeals Procedures of the Administrator, and the award may be subject to judicial review on the grounds stated in 9 U.S.C. § 10.
<u>No Class Actions/No Joinder of Parties.</u> You agree that any arbitration proceeding will only consider Your Claims. Claims by or on behalf of other borrowers will not be arbitrated in any proceeding that is considering Your Claims. Because You have agreed to arbitrate all Claims, You may not serve as a class representative or participate as a class member in a putative class action against any party entitled to compel arbitration under this Provision.
<u>Depositions.</u> After a demand for arbitration is made, You and We may conduct a limited number of depositions by mutual agreement. Any disagreements concerning the taking of depositions will be resolved by the arbitrator.
<u>Costs.</u> The cost of any arbitration proceeding shall be divided as follows:
- The party making demand upon the Administrator for arbitration shall pay the initial filing fee up to $125.00 to the Administrator when the demand is made. We will pay any balance.
- We will pay to the Administrator all other costs for the arbitration proceeding up to a maximum of one day (eight hours) of hearings.
- All costs of the arbitration proceeding that exceed one day of hearings will be advanced by the party that initiated the arbitration. To the extent allowed by the applicable arbitration rules and applicable law, the arbitrator may tax or assess costs of the arbitration to any party.
- In the case of an appeal, the appealing party will advance any costs of initiating an appeal. The non-prevailing party shall pay all costs, fees, and expenses of the appeal proceeding and, if applicable, shall reimburse the prevailing party for the cost of filing an appeal.
- Each party shall pay his/her own attorney, expert, and witness fees and expenses, unless otherwise required by law or by other terms of this Disclosure Statement, Note and Security Agreement.

**Governing Law.** This Provision is governed by federal law and by the laws of the state where the closing of the Credit Transaction took place, but only to the extent that such state laws are consistent or compatible with federal law.

Borrower's Initials: _JB_

**Severability.** If the arbitrator or any court determines that one or more terms of this Provision or the arbitration rules are unenforceable, or would make this Provision unenforceable, only such terms(s) shall be deemed unenforceable and shall be deemed stricken from this Provision, but such determination shall not impair or affect the enforceability of the other terms of this Provision or the arbitration rules.

**Special Acknowledgments.** You understand and acknowledge by signing Your name to this Provision that (i) a court and/or jury will **not** hear or decide any Claim governed by this Provision, (ii) the funding for Your Credit Transaction will come in whole or in part from sources outside this state, which will constitute interstate commerce within the meaning of the United States Arbitration Act, 9 U.S.C. §§1-9, (iii) discovery in an arbitration proceeding can be much more limited than in a court proceeding, (iv) rights to appeal an arbitration award are very limited, and (v) the rights of the parties hereunder may not be exactly mutual in all respects.

<div align="center">

**READ THE ABOVE ARBITRATION PROVISION CAREFULLY. IT LIMITS CERTAIN OF
YOUR RIGHTS, INCLUDING YOUR RIGHT TO OBTAIN REDRESS THROUGH COURT ACTION.**

</div>

_____ (Seal)
EUNICE BIAS                                      -Borrower

_____ (Seal)
                                                 -Borrower

The following notice applies only if this box is checked. ☐

<div align="center">

**NOTICE**

</div>

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

By signing below, Borrower agrees to the terms contained herein, acknowledges receipt of a copy of this Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and of the accompanying Itemization of Amount Financed, and authorizes the disbursements stated therein. Borrower acknowledges that Lender reviewed fully the terms and conditions of this loan, including any insurance requested by Borrower, in advance of Lender presenting the loan documents to Borrower for execution and this document did not contain any blank spaces when Borrower signed it.

WITNESSES:                          SIGNED:

_____            _____ (Seal)
                                   EUNICE BIAS                                      -Borrower

_____            _____ (Seal)
                                                                                    -Borrower

_____            _____ (Seal)
                                                                                    -Borrower

                                   CITIFINANCIAL, INC.
                                   _____
                                   By DENNIS MOSER, MGR.
                                           (Name and Title)

WHEN RECORDED MAIL TO
CITIFINANCIAL, INC.

Street Address
25840 104TH AVE SE

City/State/Zip
KENT, WA. 98031



200208270001908
STEWART TITLE   DT          23.00
PAGE 001 OF 005
08/27/2002 15:11
KING COUNTY, WA

## DEED OF TRUST



STEWART TITLE

THIS DEED OF TRUST is made this **23rd** day of August , 2002 , among the Grantor,
**EUNICE M. BIAS, AS A SEPARATE ESTATE**

therein
"Borrower"), **STEWART TITLE** (herein "Trustee"), and the Beneficiary,
**CITIFINANCIAL, INC.**
a corporation organized and existing , under the laws of **Maryland** ,
whose address is 25840 104TH AVE SE KENT, WA. 98031
(herein "Lender")

BORROWER, in consideration of the indebtedness herein recited and the trust herein created,
irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property
located in the County of KING , State of Washington

*GROVE*
LOT 6, BLOCK 7, CEDAR ADDITION TO THE CITY OF SEATTLE, ACCORDING TO
THE PLAT THEREOF RECORDED IN VOLUME 13 OF PLATS, PAGE(S) 18, RECORDS
OF KING COUNTY, WASHINGTON.

144350-0100-00

which has the address of , SEATTLE ,
Washington 98144
(herein "Property Address"),

TOGETHER with all the improvements now or hereafter erected on the property, and all easements,
rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to
collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered
by this Deed of Trust, and all of the foregoing, together with said property (or the leasehold estate if this
Deed of Trust is on a leasehold) are hereinafter referred to as the "Property",

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note
dated 08/23/2002 and extensions and renewals thereof (herein "Note"), in the principal sum of U S
$ 116,712.79 , with interest thereon, providing for monthly installments of principal and interest, with
the balance of the indebtedness, if not sooner paid, due and payable on 09/01/2032 , the payment of all
other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of
Trust; and the performance of the covenants and agreements of Borrower herein contained

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to
grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record
Borrower covenants that Borrower warrants and will defend generally the title to the Property against all
claims and demands, subject to encumbrances of record

WA 27128-6 6/2002   **Original (Recorded)**   Copy (Branch)   Copy (Customer)   Page 1 of 5

Case 2:09-cv-00355-WVD   Doc 441   Filed 05/02/20   Ent. 05/12/20 16:26:67   Pg 278 of 683   47

UNIFORM COVENANTS   Borrower and Lender covenant and agree as follows.

**1. Payment of Principal and Interest.**   Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note

**2. Funds for Taxes and Insurance.**   Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution) Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made  The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender  If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust

**3. Application of Payments.**   Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due  Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld  All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender   Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender  Lender may make proof of loss if not made promptly by Borrower

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold  If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents

WA 27128-6/2002     **Original(Recorded)**     Copy(Branch)     Copy(Customer)     Page 2 of 5

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust Unless Borrower and Lender agree to other terms of payment, such amount shall be payable upon notice from Lender to Borrower requesting payment thereof Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof All covenants and agreements of Borrower shall be joint and several Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair or other loan agreement which Borrower enters into with Lender Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust

WA 27128-6 6/2002       **Original (Recorded)    Copy (Branch)    Copy (Customer)**    Page 3 of 5

Case 2:09-cv-00355-WVD   Doc 431   Filed 05/07/20   Ent 05/12/20 18:26:33   Pg 30 of 83    49

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property at public auction at a date not less than 120 days in the future. The notice shall further inform Borrower of (i) the right to reinstate after acceleration, (ii) the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure, and (iii) any other matters required to be included in such notice by applicable law. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as applicable law may require. After the lapse of such time as may be required by applicable law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of the Property for a period or periods not exceeding a total of 30 days by public announcement at the time and place fixed in the notice of sale. Lender or Lender's designee may purchase the Property at any sale. Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto, or to the Clerk of the Superior Court of the County in which the sale took place.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the tenth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty but Lender or Trustee will collect a reconveyance fee and any fees required by public officials in connection with the payoff

2002082700 1908

of the indebtedness secured by this Deed of Trust  The Trustee will file all appropriate documents with the appropriate public official to evidence the satisfaction of the underlying indebtedness, and/or reconveyance of this Deed of Trust, and/or release of the Lender's interest in the Property

**21. Substitute Trustee.** In accordance with applicable law, Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder who has ceased to act  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law

**22. Use of Property.** The Property is not used principally for agricultural or farming purposes

**23. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property   Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law   The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge  If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 23, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this paragraph 23, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

<div align="center">

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR**
**MORTGAGES OR DEEDS OF TRUST**

</div>

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, with a copy to P O  Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust

_____ -Borrower
EUNICE BIAS

_____ -Borrower

STATE OF WASHINGTON,_____KING_____ County ss

On this ___23RD___ day of ___AUGUST___ , ___2002___ , before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared ___EUNICE___ ___BIAS_____ , to me known to be the individual(s) described in and who executed the foregoing instrument, and acknowledged to me that ___SHE___ signed and sealed the said instrument as _____HER_____ free and voluntary act and deed, for the uses and purposes therein mentioned

WITNESS my hand and official seal affixed the day and year in this certificate above written

My Commission expires _____

_____
Notary Public in and for the State of Washington, residing at
5-19-05

<div align="center">

REQUEST FOR RECONVEYANCE

</div>

TO TRUSTEE

The undersigned is the holder of the note or notes secured by this Deed of Trust  Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full.  You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Date _____

**Original (Recorded)     Copy (Branch)     Copy (Customer)**

WA 27128-6 6/2002                                                                              Page 5 of 5
(Space Below This Line Reserved For Lender and Recorder)

200208270001908

# Exhibit D

# ADJUSTMENT OF TERMS AGREEMENT

| Borrower(s) (Name and Address) | Lender (Name and Address) | Account No. |
|---|---|---|
| EUNICE BIAS<br><br>823 32ND AVE S<br>SEATTLE WA 98144 | CitiFinancial<br>8825 QUIL CEDA BLVD SUITE P<br><br>TULALIP WA 98271 | <br>Date<br>02/03/2011 |

This Adjustment of Terms Agreement ("Agreement") is made this 02/03/2011 (the "Effective Date") by and between EUNICE BIAS , ("Borrower") and CITIFINANCIAL, INC. to amend and supplement the Disclosure Statement, Note and Security Agreement, or Note, as applicable, (the "Note"), and applicable riders, if any, executed by Borrower dated 08/23/2002 in the original principal amount of $ 116,712.79.

Borrower acknowledges that Lender is the holder and the owner of the Note and understands the Lender may transfer the Note, as amended by this Agreement, and that anyone who takes the Note by transfer and who is entitled to receive payments under the Note is called the "Lender" in this Agreement.

[x] If checked, the Note is secured by real and/or personal property pursuant to a Mortgage, Deed of Trust, Deed to Secure Debt or other security agreement (the "Security Instrument") dated 08/23/2002. Said Security Instrument conveys the real and/or personal property described in such security instrument (the "Property").

Borrower now requests to extend and rearrange the time and manner of repayment of the Note and to extend and carry forward the lien(s) on the Property, if any. Lender has agreed to Borrower's request.

For and in consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

    1. <u>Acknowledgement of Principal Balance</u> : Borrower acknowledges that as of the Effective Date and except for the additional amounts described in paragraph below, the amount payable under the Note and secured by the Security Instrument, if any, is $ 108,870.93 ("Unpaid Principal Balance").

The Borrower acknowledges and agrees that in addition to the Unpaid Principal Balance described above, Borrower is currently obligated to Lender for additional charges in the amount of $ 3,651.77 herein referred to as the "Deferred Amount." This amount could include accrued and/or deferred interest advances made by Lender for real estate taxes and/or hazard insurance premiums ("Escrow Advances"), appraisal fees, attorney's costs and other legal fees if any, and any other unpaid fees that may have accrued under the terms of Note. The Deferred Amount has accrued or been incurred under the terms of the loan documents and/or Security Instrument or under the terms of this Agreement.

The Deferred Amount is in addition to the Unpaid Principal Balance. The Deferred Amount shall continue to be due and owing by Borrower to Lender in accordance with the terms of the Note, the Security Instrument, and this Agreement; provided however, Lender agrees that for so long as Borrower makes principal and interest payments in a timely manner and ultimately pays the Deferred Amount to the extent obligated under the terms of Note and Security Instrument, Lender will not seek to enforce its right to collect under the Note or Security Instrument solely for the failure to pay the Deferred Amount. If not sooner demanded, the Deferred Amount shall be due and payable upon the earlier of voluntary payoff or the Revised Maturity Date set forth in Section 2 below. In addition to the Original Principal Balance and Deferred Amount, Borrower is also responsible for any unpaid late fees, which are reflected on the monthly billing statement.

2. **Repayment Terms**: Borrower promises to pay the Unpaid Principal Balance, plus interest, to the Lender according to the following terms:

| | |
|---|---|
| Temporary Interest Rate | 7.92 % |
| Temporary Interest Rate Start Date | 02/03/2011 |
| Temporary Monthly Payment<br>(not including monthly insurance premiums or escrow, if applicable) | $ 749.95 |
| Due Date of First Temporary Monthly Payment | *03*<br>02/05/2011 |

After the Temporary Interest Rate expires, Borrower agrees to pay the remaining unpaid balance, plus interest, to the Lender according to the following terms:

| | | |
|---|---|---|
| Restored Interest Rate | | 8.99 % |
| Restored Interest Rate Effective Date | *CONTRACT 12-1-11* | 12/06/2011 |
| Restored Monthly Payment<br>(not including monthly insurance premiums or escrow, if applicable) | | $ 938.09 |
| Due Date of First Restored Payment | | 01/05/2012 |
| Revised Maturity Date | | 07/05/2034 |

The Revised Maturity Date is based upon the principal balance projected to exist at the time the Temporary Interest Rate expires and the Restored Monthly Payment, and assumes Borrower makes timely payments as scheduled without future modification of the remaining loan terms. All amounts still owed by Borrower under the Note and Security Instrument, including any unpaid Deferred Amounts under this Agreement or any prior Adjustment of Terms Agreement(s), are due and payable on the Revised Maturity Date. In the event Borrower has failed to make all required payments prior to the Restored Interest Rate Effective Date, Borrower's past due payments and interest will be calculated under the original terms of the original Note. Borrower will be required to pay the past due amounts in order to bring the account current .

3. Additional Terms:

a. If the Note is a precomputed loan, it is hereby converted to an interest bearing loan, which means simple interest will accrue on the Unpaid Principal Balance each day until the loan is paid in full.

b. If the Note is a variable rate loan, it is hereby converted to a fixed rate loan and the payment and interest rate will not increase or decrease other than as provided for in this Agreement, for the remainder of the life of the loan.

c. By executing this Agreement, Borrower waives any rate reduction to which Borrower may have otherwise been entitled under the terms of the Note, any Rate Reduction Rider or similar rider to the Note.

d. Although the loan has been modified and the original loan term has been adjusted, this does not change the amount of coverage or terms of the insurance originally written in connection with Borrower's loan. For those who purchased a monthly insurance product, the monthly premium will be added to the monthly loan amount described in paragraph 2 and will be indicated on the monthly statements. Purchased insurance coverage remains in force according to the original certificate or policy issued regardless of any rescheduling and/or adjustment of loan payments or extension by Lender. Further, the insurance may not cover as much of the debt and/or loan payment as it might have before the loan was rescheduled, adjusted or extended and the insurance may expire before the loan is paid in full.

e. If Borrower currently participates in automated payments, Lender may continue automatic drafts for the payment amount agreed to under the original Note unless Borrower requests that Lender update the automatic draft to withdraw the temporarily lower payment agreed to by the parties in this Agreement. Borrower may be required to re-enroll in automated payments if Borrower wishes to make the payments under this Agreement automatically. If Borrower is enrolled in automated payments through the Lender, the amount of the automatic draft contained in the payment draft will automatically increase upon the scheduled increase in the loan payment as described in this Agreement.

f. It is the intention of the parties that all liens and security interests described in the Security Instrument, if any, are hereby renewed and extended until the indebtedness evidenced by the Note, as renewed, modified and extended hereby has been fully paid. Lender and Borrower agree that such extension, renewal, amendment, modification, or rearrangement shall in no manner affect or impair the Note or the lien and security interests securing the same, if any, the purpose of this Agreement being simply to extend, modify, amend or rearrange the time and manner of payment of the Note and the indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, if any, which are expressly acknowledged by the Borrower to be valid, subsisting and in full force and effect so as to fully secure the payment of the Note. The Borrower expressly waives the benefit of any and all statutes of limitation which might otherwise inure to the Borrower's benefit, or be in any way applicable to the Borrower's obligations under the terms of any and all instruments described herein.

g. As amended hereby, the provisions of the Note and Security Instrument, if any, shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's obligations to Lender thereunder. In the event of an inconsistency between this Agreement and the terms of the Note and Security Instruments, if any, this Agreement shall govern. Nothing in this Agreement shall be construed to be a satisfaction or release in whole or in part of the Note and Security Instrument, if any. Except as specifically provided for in this Agreement, the Note and Security Instruments, if any, will remain unchanged and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement. Any default by the Borrower in the performance of its obligations under this Agreement shall constitute a default under the Note and Security Instrument, if any, and shall allow Lender to exercise all of its remedies set forth in the Note and/or Security Instrument.

h. In the event the Restored Interest Rate Effective Date is scheduled to occur later than the original maturity date of the Note, the post-maturity rate prescribed in the Note will be applied in accordance with the Note and the restored terms will cease as of the date of the original maturity date of the Note. In no event will the Borrower's interest rate be higher than the current effective rate under this agreement.

i. Borrower acknowledges that the monthly payments on the Note, as modified and set forth in this Agreement, do not include any required escrow payments for taxes and insurance or other payments. Borrower acknowledges and agrees that in the event that Escrow Advances are included in the amount owed set forth in this Agreement and such Escrow Advances are returned to the Lender for any reason, then the amount of such Escrow Advances returned to the Lender may be applied to Borrower's escrow account, to reduce the amount of the Unpaid Principal Balance, and/or to reduce the amount of the Deferred Amount, at the Lender's sole discretion, regardless of whether those Escrow Advances are placed in the Unpaid Principal Balance or in the Deferred Amount under this Agreement.

j. Nothing in this Agreement shall be construed to impose personal liability to repay any obligation under the Note, as modified by this Agreement, on any Borrower whose obligations have been discharged in Bankruptcy.

k. Borrower acknowledges that the Deferred Amount set forth above may not be reflected in the loan amount reported by Lender to any credit reporting agency or reported as part of the balance on any receipt or statement issued by Lender, but nevertheless, Borrower acknowledges that such Deferred Amount is due and payable as set forth above.

l. No Oral Agreements: The written Loan Agreements represent the final agreements between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

Borrower EUNICE BIAS

Channelle ___
NMLS M10

Borrower
LENDER
CitiFinancial

By: ___

21322-1 8/2009

Original (Branch)     Copy (Customer)     Page 3 of 3

# Exhibit E

20160224000422.001

When Recorded Return To:
CitiFinancial Servicing, LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683



20160224000422
NATIONWIDE TIT ADT          15.00
PAGE-001 OF 001
02/24/2016 10:57
KING COUNTY, WA

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**FOR GOOD AND VALUABLE CONSIDERATION**, the sufficiency of which is hereby acknowledged, the undersigned, **CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY**, WHOSE ADDRESS IS 300 ST. PAUL PLACE, LEGAL DEPARTMENT- 17TH FLOOR, BALTIMORE, MD 21202, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon to **BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY, WHOSE ADDRESS IS 4425 PONCE DE LEON BLVD. 5TH FLOOR, CORAL GABLES, FL 33146 (800)771-0299, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)**

Said Deed of Trust is dated 08/23/2002, and executed by **EUNICE BIAS**, there and with as Original Trustee, to CITIFINANCIAL, INC., and recorded 08/27/2002, in **Auditor File # 20020827001908**, in the office of the Recorder of **KING** County, **WA**.
  LOT 6, BLK 7, CEDAR ADD, VOL 13 PGS 18

Parcel ID #: 144350-0100-00

**IN WITNESS WHEREOF**, this Assignment is executed on _2_/_9_/2016 (MM/DD/YYYY).
**CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY**

By: _Susan Schotsch_
  Susan Schotsch
  **VICE PRESIDENT**
All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA    COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on _2_/_9_/2016 (MM/DD/YYYY), by Susan Schotsch as VICE PRESIDENT of CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_Nicole Baldwin_
Nicole Baldwin
Notary Public - State of FLORIDA
Commission expires: 08/05/2016

Nicole Baldwin
Notary Public State of Florida
My Commission # EE 222285
Expires August 5, 2016

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

# Exhibit B

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>EUNICE BIAS,<br><br>                          Debtors.<br><br><br><br>BAYVIEW LOAN SERVICING, LLC,<br>                     Plaintiff,<br>v.<br><br>EUNICE BIAS, and Does 1-10,<br>                        Defendants. | Case No. 19-13035-TWD<br><br>Adv. Proc. No. 20-01035-TWD<br><br>DEFENDANT EUNICE BIAS ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS |

     Defendant Eunice Bias, by and through her counsel Chellie Hammack, states her Answer, Affirmative Defenses and Counterclaims to Plaintiff Bayview Loan Servicing LLC's Complaint below.

## A.  ANSWER

     All allegations not specifically admitted are expressly denied.

**A-I.**    **PARTIES AND VENUE**

Answer, Affirmative Defenses & Counterclaims - Page 1

**C.M. Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

1. As to paragraph 1 of the complaint, Defendant Bias is without sufficient information to admit or deny the allegations and therefore denies the same.

2. As to paragraph 2 of the complaint, Defendant Bias admits that this case involves properties in King County Washington located at 1) 4633 Chicago Street, Seattle, WA 98118 ("Chicago St. Property") and 2) 823 32nd Avenue South, Seattle, WA 98144 ("32nd Ave. S. Property")..

3. As to paragraph 3, admitted.

4. As to paragraph 4, this states a legal conclusion for which no response is required.

5. As to paragraph 5, this states a legal conclusion for which no response is required.

6. As to paragraph 6, Defendant Bias is without sufficient information to admit or deny the allegations and therefore denies the same with one exception. Defendant Bias is aware that Plaintiff Bayview has knowledge of at least one necessary party to this action, Creditor Bank of America, who currently holds a lien in second position upon the Chicago St. Property. Because of the issues that have arisen, Creditor Bank of America may now hold a lien in first position or at least could raise that argument. Creditor Bank of America is a necessary party to this action.

## A-II. FACTUAL BACKGROUND

7. As to paragraph 7, Defendant Bias admits a quit claim deed was executed on or about August 2000. As to the remaining allegations, Defendant Bias is without sufficient information to admit or deny the allegations and therefore denies the same.

**C.M. Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

8.      As to paragraph 8, Defendant Bias admits she obtained a loan from Citifinancial on or about August 2000. As to the remaining allegations, Defendant Bias is without sufficient information to admit or deny the allegations and therefore denies the same.

9.      As to paragraph 9, Defendant Bias does not recall the loan obtained in 2002 and is therefore without sufficient information to admit or deny the allegations and therefore denies the same.

10.     As to paragraph 10, Defendant Bias is without sufficient information to admit or deny those allegations and therefore denies the same.  However, Defendant Bias denies having any intent that the legal description contained in the deed of trust match the property referred to or listed in the note as Defendant Bias has no experience in drafting mortgage documents, had no knowledge of how to correctly draft those documents and relied upon the lender to ensure the documents were drafted correctly.

11.     As to paragraph 11, Defendant Bias is without sufficient information to admit or deny the allegation relating to when and how Plaintiff learned of it's several mistakes including the mistake of the original lender and therefore denies the same.  Defendant Bias' has decided to not dispute Plaintiff Bayview's security interest in the Chicago St. Property and to that extent denies the allegations.

12.     As to paragraph 12, Defendant Bias admits but adds that the zip code of the property listed in the Deed of Trust referred to is 98144.

**C.M. Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

13. As to the second paragraph 12, Defendant Bias is without sufficient information to admit or deny the allegations and therefore denies the same but does recall agreeing to adjust the terms of the loan at some point in time.

14. As to paragraph 13, Defendant Bias is without sufficient information to admit or deny the allegations and therefore denies the same. .

15. As to paragraph 14, Defendant Bias admits.

16. As to paragraph 15, Defendant Bias admits she listed Creditor Bayview as having a lien on the Chicago St. Property in her original plan.

17. As to paragraph 16, Defendant Bias denies.  Plaintiff Bayview's proof of claim filed on October 7, 2019 asserted a security interest in the 32nd Ave. S. Property.

18. As to paragraph 17, Defendant Bias denies disputing the validity of the note but admits early on she did dispute Plaintiff Bayview's right to seek to enforce the note because there was no proof of assignment of the note.  Defendant Bias has always acknowledged that a note exists and that she owes a debt associated with it.

## A-III. CAUSE OF ACTION

19. As to paragraph 18,  Defendant Bias incorporates her answers set out in paragraphs 1 through 18 above.

20. As to paragraphs 19 & 20, Defendant Bias incorporates her answers set out in paragraphs 1 through 18 above.  As to any remaining allegations, Defendant Bias is without sufficient information to admit or deny and therefore denies the same.

Answer, Affirmative Defenses & Counterclaims - Page 4

**C.M. Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

21. As to paragraph 21, Defendant Bias incorporates her answers set out in paragraphs 1 through 18 above. Further the paragraph appears to include legal conclusions for which Defendant Bias is not required to answer. To the extent paragraphs 1 through 18 above do not supply an answer, Defendant Bias is without sufficient information to admit or deny and therefore denies the same.

## A-IV. PRAYER FOR RELIEF

22. In response to paragraph 1 (Prayer for Relief), Defendant Bias incorporates paragraphs 1 through 18 above. Defendant Bias is not opposing Plaintiff Bayview's claim that it retains a secured claim at this time. However, whether or not the facts support revision of the note or any other instrument calls for a legal conclusion for which Defendant Bias is not required to supply an answer.

23. In response to paragrah 2 & 3 (Prayer for Relief), Defendant Bias incorporates paragraphs 1 through 18 above. Defendant Bias denies Plaintiff Bayview is entitled to fees or costs.

## AFFIRMATIVE DEFENSES

By way of further answer to Bayview's Complaint, Defendant Bias asserts the following affirmative defenses:

1. Plaintiff Bayview's claimed injuries or damages, if any, were caused either in whole or in part, by the negligence and/or fault of it's predecessors and/or its own

Answer, Affirmative Defenses & Counterclaims - Page 5

**C.M. Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

negligence or fault; and

2.     Plaintiff has failed to include all necessary Defendants in this action including

Bank of America who has a lien on the Chicago St. Property in second position.

Plaintiff Bayview is aware of this lien and the need to include Bank of America as

a necessary defendant but has failed to do so.

Defendant Bias reserves the right to move to amend this answer to include additional

affirmative defenses after conducting discovery.

Having fully answered Plaintiff Bayveiw's Complaint and having asserted its affirmative

defenses, Defendant Bias prays as follows:

1.     For an award of attorney fees and costs in this matter.

2.     For such other and further relief as the Court deems just and reasonable.

## C. COUNTERCLAIMS

Defendant Bias ("Counterclaim-Plaintiff Bias") assert the following counterclaims

against Plaintiff Bayview ("Counterclaim-Defendant Bayview"):

## I.     JURISDICTION AND VENUE

1.1     At all times relevant hereto, Counterclaim Plaintiff Bais was a resident of King County,

Washington.  Counter-claim Plaintiff is a debtor in a Chapter 13 Bankruptcy pending before

this Court.

Answer, Affirmative Defenses & Counterclaims - Page 6

**C M Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

1.2 At all times relevant hereto, Counterclaim-Defendant Bayview is a foreign corporation doing business in King County, Washington. Counterclaim-Defendant Bayview is a creditor of Counterclaim-Plaintiff Bias in the Chapter 13 Bankruptcy pending before this Court.

1.3 This Court has jurisdiction pursuant to 28 USC § 157(b)(2) as these are counterclaims brought in an adversary proceeding.

## II. FACTUAL ALLEGATIONS

2.1 On or about August 23, 2002, documents show that Counterclaim-Plaintiff Bias entered into a Note and Security Agreement with Citifinanical Inc ("the Note"). A Deed of Trust providing for security of the debt was executed on that same day. See Exhibit A & B attached.

2.2 On or about February 9, 2016, documents show that the Deed of Trust was assigned to Counterclaim-Defendant Bayview. It appears the Note was also transferred to Counterclaim-Defendant Bayview at that same time. See Exhibit C attached.

2.3 Over the course of several years, on or about 2016 to just before filing the pending Chapter 13 bankruptcy, Counterclaim-Plaintiff Bias received numerous communications from Counterclaim-Defendant Bayview addressing the loan, including mortgage statements sent

Answer, Affirmative Defenses & Counterclaims - Page 7

**C M Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

1    to her attention at the Chicago St. Property address.

2

3
2.4    At some point in 2016, Counterclaim-Plaintiff Bias received notice from Counterclaim-
4
Defendant Bayview that her mortgage payments were to increase as they were including
5
payments for property taxes and insurance with her mortgage payment or escrow fees/costs.
6
This resulted in over a $500 increase in her mortgage payment, or increasing her mortgage
7
payment by at least 1/3rd.
8

9

10

11
2.5    The significant increase in her mortgage payment with the addition of the escrow fees/costs
12
caused Counterclaim-Plaintiff Bias a financial hardship as she was on a fixed income and
13
retired.   However, given her taxes and insurance were being covered and she trusted
14
Counterclaim-Defendant Bayview would pay these charges she attempted to adjust to the
15
increased payment.
16

17

18
2.6    Because she received correspondence from Counterclaim-Defendant Bayview at her Chicago
19
St. Property, including notice that it was paying her Chicago St. Property property tax and
20
insurance, she believed the mortgage was secured by and related to that property.  As stated
21
above, she had also sold the 32nd Ave. S Property in early 2016, prior to Counterclaim-
22
Defendant Bayview's involvement with the loan.
23

24

25
2.7    From 2016 through August 2019, Counterclaim-Plaintiff Bias believed the insurance and
26

Answer, Affirmative Defenses & Counterclaims - Page 8          **C M Hammack Law Firm**
27                                                                              1001 4th Avenue, Suite 3200
                                                                               Seattle, WA 98154
28                                                                              (206) 223-1909

property taxes for her residence, the Chicago St. Property, were being paid for by Counterclaim-Defendant Bayview.

2.8     Just before filing for bankruptcy in August 2019, through counsel, Counterclaim-Plaintiff Bias learned that the property tax for the Chicago St. Property had not been paid for several years. Through the bankruptcy proceeding she also learned that she had no homeowners insurance covering the Chicago St. Property.

2.9     Counterclaim-Plaintiff Bias, through counsel, discovered through the pending Chapter 13 bankruptcy, the Note provided for a security interest in a property previously owned by Counterclaim-Plaintiff Bias located at 823 32nd Avenue South, Seattle WA 98144 ("32nd Ave. S. Property"). That property was sold in early 2016. However, the Deed of Trust provided for a security interest in Counterclaim-Plaintiff Bias' current home located at 4633 S. Chicago Street. Seattle, WA 98118 ("Chicago St. Property"). Counterclaim-Plaintiff Bias had no knowledge of the issue.

2.10    Counterclaim-Plaintiff Bias is not knowledgeable about mortgages and the documents associated with them. Prior to her retirement she was and had always been a concrete worker. She had no formal training in contracts and while her husband/partner was alive relied upon him to assist with her financial matters. It appears the only time she saw the Note was when it was signed and did not have a copy in her records.

Answer, Affirmative Defenses & Counterclaims - Page 9

67

2.11    Although Counterclaim-Defendant Bayview charged Counterclaim-Plaintiff escrow fees and costs that included property tax and insurance for the Chicago St. Property, they failed to pay either property tax or insurance for that property.

2.12    Counterclaim-Defendant Bayview had possession of both the Note and Deed of Trust it appears from the date it was assigned the debt.

2.13    At the time the pending Chapter 13 bankruptcy was filed, Counterclaim-Plaintiff owed in excess of $11,000 in back property taxes on the Chicago St. Property that included late charges/fees and interest that had accrued over the last several years.

2.14    Counterclaim-Plaintiff Bias has attempted to obtain information regarding financing including obtaining a reverse mortgage.  She has learned that because of the delinquent property taxes in the last several years that she will not likely qualify.

2.15    Further, prior to filing for bankruptcy Counterclaim-Defendant Bayview attempted to foreclose on the Chicago St. Property.  They did so despite having possession of the Note that listed security as the 32nd Ave S Property.

2.16    In part, the increase in the mortgage payment by Counterclaim-Defendant Bayview resulted in Counterclaim-Plaintiff Bias inability to keep up with and make the mortgage payments.

Answer, Affirmative Defenses & Counterclaims - Page 10

**C M Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

To stop the foreclosure and resolve her debt, Counterclaim-Plaintiff Bias was forced to file this Chapter 13 bankruptcy.

2.17    Counterclaim-Defendant Bayview's actions outlined above, resulted in damage to Counterclaim-Plaintiff Bias including without limitation to loss of use of her funds, property tax late fees/costs and interest, inability to obtain financing, and other financial hardship. Counterclaim-Plaintiff Bias also suffered from emotional distress and loss of enjoyment of life as she fought to deal with the hardships imposed by Counterclaim-Defendant Bayview's wrongful conduct.

## III.  CLAIMS/CAUSES OF ACTION

Claims alleged against Counterclaim-Defendant Bayview are as follows:

**A.      BREACH OF CONTRACT AND BREACH OF GOOD FAITH AND FAIR DEALING.**

3.1     Counterclaim-Plaintiff incorporates the facts set out in paragraphs 1.1 through 3.7 above.

3.2     Counterclaim-Defendant Bayview's failure to pay the property taxes and insurance as allowed for by the contract while charging Counterclaim-Plaintiff Bias for those charges

Answer, Affirmative Defenses & Counterclaims - Page 11

**C M Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

is a breach of contract and a breach of good faith and fair dealing.

**B.     VIOLATION OF 12 USC § 2605(g) .**

3.3     Counterclaim-Plaintiff incorporates the facts set out in paragraphs 1.1 through 2.17 above.

3.4     Counterclaim-Defendant Bayview required Counterclaim-Plaintiff to pay additional fees and costs added to their mortgage for property tax and hazard insurance associated with the Chicago St. Property.  Despite collecting these funds, it did not make property tax or hazard insurance payments relating to the Chicago St. Property.

**C.     NEGLIGENT MISREPRESENTATION**

3.5     Counterclaim-Plaintiff incorporates the facts set out in paragraphs 1.1 through 2.17 above.

3.6     Counterclaim-Defendant Bayview represented that it would pay property taxes and hazard insurance on t-Defhe Chicago St. Property.  It failed to do so and had a duty to do so. Counterclaim-Plaintiff relied upon its representations and was damaged as a result.

Answer, Affirmative Defenses & Counterclaims - Page 12

**C M Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

**D.      CONVERSION**

3.8      Counterclaim-Plaintiff incorporates the facts set out in paragraphs 1.1 through 2.17 above.

3.9      Counterclaim-Defendant Bayview took Counterclaim-Plaintiff's funds representing they would pay the property taxes and hazard insurance on the Chicago St. Property.  It failed to do so and deprived Counterclaim-Plaintiff of possession of her funds.

**E.      VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT.**

3.10     Counterclaim-Plaintiff incorporates the facts set out in paragraphs 1.1 through 2.17 above.

3.11     Counterclaim-Defendant Bayview's actions constitute unfair and deceptive acts practices in the conduct of a trade or business, which affect the public interest, and have caused injuries to Counterclaim-Plaintiff in violation of the Consumer Protection Act, RCW 19.86 et seq. Counterclaim-Defendant Bayview charged Counterclaim-Plaintiff for property tax and hazard insurance on her residence and then failed to make those payments.  Counterclaim-Defendant Bayview should have at minimum done a cursory review of the file including the Note and Deed of Trust to ensure it was properly charging and then paying the fees/costs it collected from Counterclaim-Plaintiff.  Its negligence and failure to follow reasonable procedures could and likely would result in other debtors' funds being collected and not

Answer, Affirmative Defenses & Counterclaims - Page 13

**C M Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

correctly applied. Its conduct damaged Counter-claim Plaintiff as set out above.

3.12    Further, it appears that Counterclaim-Defendant Bayview was foreclosing on the Chicago St. Property without having authority to do so. Based upon information and belief, it took no action to review the underlying records prior to the foreclosure. It's conduct not only harmed Counterclaim-Plaintiff but would have likely resulted in harming any unsuspecting purchaser that would have issues with taking clear title to the property. This type of negligence also has the ability to impact others in foreclosure actions. The foreclosure in large part resulted in the need for Counterclaim-Plaintiff to file her pending Chapter 13 bankruptcy and caused other damage to her.

## IV. DAMAGES

4.1    As a direct and proximate result of the wrongful conduct stated above, Counterclaim Plaintiff Bias suffered damages including without limitation to those set out in the paragraphs above, and other special and general damages.

## V. RELIEF

5.1    For an award compensating Counterclaim-Plaintiffs for all damages sustained by Counterclaim-Defendant's wrongful conduct including without limitation to those

Answer, Affirmative Defenses & Counterclaims - Page 14

**C M Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

damages set out above and all other compensatory and incidental damages incurred by

Counterclaim-Plaintiff

5.2     For an award of attorney fees and costs as provided for by contract, Washington's

Consumer Protection Act, RCW 19.86 et. seq., 12 USC § 2605(f), other statute and/or

common law;

5.3     For an award of double damages pursuant to RCW 19.86 et. seq.;

5.4     For such other and further relief as the court deems just and equitable.

DATED: June 22, 2020

/s/ Chellie Hammack
Chellie Hammack , WSBA #31796
Attorney for Debtor(s)

Answer, Affirmative Defenses & Counterclaims - Page 15

**C M Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

CERTIFICATE OF MAILING

The undersigned declares under penalties of perjury of the laws of the State of Washington

as follows: On June 22, 2020, I filed with the Court electronically a copy of the attached and the

parties listed below are provided electronic copies by the Court:

Jason Wilson Aguilar, Chapter 13 Trustee

600 University St. Suite 1300

Seattle, WA 98101

Gregor Hensrude          Attorney for Bayview

Anthony Soldato

Klinedinst PC

701 5th Ave., Sutie 1220

Seattle, WA 98104

/s/Chellie Hammack

Chellie Hammack , WSBA #31796
Attorney for Debtor(s)

Answer, Affirmative Defenses & Counterclaims - Page 16

**C M Hammack Law Firm**
1001 4th Avenue, Suite 3200
Seattle, WA 98154
(206) 223-1909

# Exhibit C

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>EUNICE BIAS,<br><br>                   Debtors.<br><br>——————————————<br><br>BAYVIEW LOAN SERVICING, LLC,<br>                   Plaintiff,<br>v.<br><br>EUNICE BIAS, AND DOES 1-10,<br>                   Defendants. | Case No. 19-13035 TWD<br><br>Adv. Proc. No. 20-01035<br><br><br>DEMAND FOR JURY TRIAL |

      PLEASE TAKE NOTICE that Debtor Eunice Bias, through Counsel Chellie Hammack, pursuant to LBR 9015-1(b), files this demand for a jury trial as to her counterclaims raised against Bayview Loan Servicing LLC.

      Dated this 22nd day of June, 2020

                                       /s/Chellie Hammack
                                     Chellie Hammack, WSBA#31796

Demand for Jury Trial  - Page 1

<u>CERTIFICATE OF MAILING</u>

      The undersigned declares under penalties of perjury of the laws of the State of Washington

as follows: On June 22, 2020, I filed with the Court electronically and emailed a copy of the attached

Demand for Jury Trial and the parties listed below:

Gregor Hensrude               Attorneys for Bayview Loan Servicing LLC
Anthony Soldato
Klinedinst PC
701 Fifth Ave., Suite 1220
Seattle, WA 98104

Dated this 22nd  day of June 2020,

                                  /s/Chellie Hammack 
                                  Chellie Hammack , WSBA #31796
                                  Attorney for Bias

Demand for Jury Trial  - Page 2

# Exhibit D

**Below is the Order of the Court.**



**Timothy W. Dore**
**U.S. Bankruptcy Court**

(Dated as of Entered on Docket date above)

TIMOTHY W. DORE
United States Bankruptcy Judge
700 Stewart Street, Room 8106
Seattle, WA 98101
(206) 370-5300

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

EUNICE BIAS,

               Debtor.

BAYVIEW LOAN SERVICING LLC,

               Plaintiff,

    v.

EUNICE BIAS and DOES 1-10,

               Defendants.

EUNICE BIAS,

               Counterclaimant,

    v.

BAYVIEW LOAN SERVICING LLC,

               Counterdefendant.

Bankruptcy No. 19-13035-TWD

Adversary No. 20-01035-TWD

**ORDER REQUIRING BRIEFS REGARDING ENTITLEMENT TO A JURY TRIAL**

ORDER REQUIRING BRIEFS REGARDING ENTITLEMENT TO A JURY TRIAL - 1

Ms. Bias has filed a demand for a jury trial of her counterclaims [Docket No. 7]. Pursuant to Federal Rule of Bankruptcy Procedure 9015 and Local Bankruptcy Rule 9015-1, this Court must determine whether Ms. Bias (1) made a proper jury trial demand, and (2) has a right to a jury trial. Now, therefore, it is hereby ORDERED:

1.     Ms. Bias and Bayview Loan Servicing LLC shall each file a brief on the issues of whether Ms. Bias (1) made a proper jury trial demand, and (2) has a right to a jury trial. These briefs shall not exceed 12 pages and shall be filed by August 21, 2020.

2.     The Court will hear oral argument on the issues on September 2, 2020 at 9:30 a.m.

3.     If Ms. Bias withdraws her request for a jury trial prior to August 21, 2020, the parties need not file the briefs required by Paragraph 1 of this Order. If Ms. Bias withdraws her request for a jury trial prior to September 2, 2020, the parties need not appear for the oral argument required by Paragraph 2 of this Order.

**/// End of Order ///**

# Exhibit E

1

2

3

4

5

6

7

8          UNITED STATES BANKRUPTCY COURT
       WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10   In re:
                                          Case No. 19-13035 TWD
11   EUNICE BIAS,
                                          Adv. Proc. No. 20-01035
12                          Debtors.

13

14   BAYVIEW LOAN SERVICING, LLC,        CONSENT TO HAVE JURY TRIAL
                                          PRESIDED OVER BY BANKRUPTCY
                            Plaintiff,    JUDGE
15   v.

16
     EUNICE BIAS, AND DOES 1-10,
17                          Defendants.

18

19        PLEASE TAKE NOTICE that Debtor Eunice Bias, through Counsel Chellie Hammack,

20   pursuant to LBR 9015-1(c), files this consent for the bankruptcy judge to preside at the jury trial.

21        Dated this 20th day of August, 2020          /s/Chellie Hammack_____
                                                       Chellie Hammack, WSBA#31796
22

23

24

25

26

27   Consent Re: Bnk Judge Preside Jury Trial - Page 1       **C.M. Hammack Law Firm**
                                                              1604 Hewitt Avenue, Suite 313
28                                                            Everett, WA 98201
                                                              (206) 223-1909

<u>CERTIFICATE OF MAILING</u>

The undersigned declares under penalties of perjury of the laws of the State of Washington as follows: On August 20, 2020, I filed with the Court electronically and emailed a copy of the attached Consent To Have Jury Trial Presided Over by Bankruptcy Judge on the parties listed below:

Gregor Hensrude          Attorneys for Bayview Loan Servicing LLC
Anthony Soldato
Klinedinst PC
701 Fifth Ave., Suite 1220
Seattle, WA 98104

Dated this 20th day of August 2020,

/s/Chellie Hammack
Chellie Hammack , WSBA #31796
Attorney for Bias

Consent Re: Bnk Judge Preside Jury Trial - Page 2

**C.M. Hammack Law Firm**
1604 Hewitt Avenue, Suite 313
Everett, WA 98201
(206) 223-1909

# Exhibit F

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 19-13035-TWD |
|---|---|
| EUNICE BIAS, | Adv. Proc. No. 20-01035-TWD |
| Debtor. | Chapter 13 |
| | **BAYVIEW LOAN SERVICING'S RESPONSE TO ORDER RE: JURY DEMAND** |

BAYVIEW LOAN SERVICING, LLC,

     v.

EUNICE BIAS, and DOES 1-10

       Debtor.

## I.    Introduction

Bayview Loan Servicing, LLC (hereinafter referred to as "Defendant" or "Bayview") hereby responds to the Court's request regarding whether Ms. Bias (1) made a proper jury trial demand, and (2) has a right to a jury trial.

## II.    Legal Discussion

Bayview does not dispute that Ms. Bias made a jury demand via a "Jury Demand" as to her Counterclaims. (Dkt. 6)

However, with respect to the reformation claims originally asserted by Bayview, such

RESPONSE TO ORDER RE: JURY DEMAND - 1
[20-01035-TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104

legal issues are equitable, legal issues to be determined by the judge, as factfinder, and are not

subject to trial by jury. *W. W. Sheane Auto Co. v. Williams*, 143 Wash. 352, 353 (1927).

Moreover, given the judicial admissions regarding Bias' admissions throughout this action as to

the viability of the security, it appears that she will not dispute the security interest. Moreover,

the court has already made findings relevant to this issue. Thus, to the extent such claims remain

to trial (if the soon-to-be-filed dispositive motion is denied), such issues should be retained and

decided via bench trial.[1]

       With respect to Bias' counterclaims, which are completely separate of any issue

pending in bankruptcy, Bayview **does not consent** to entry of final orders or judgments by the

bankruptcy court as to such state or federal law counterclaims. See Fed. R. Bankr. P. 7008.[2] To

the extent the state or federal law claims remain after the conclusion of the reformation claims,

such claims should be deemed to be decided by the United States District Court for the Western

District of Washington or the Superior Court of King County.

       DATED this 21st day of August 2020.

KLINEDINST PC

By: *s/Anthony C. Soldato*

Gregor A. Hensrude, WSBA #45918
Anthony C. Soldato, WSBA #46206
Klinedinst PC
701 5th Ave Suite 1220
Seattle WA 98104
(206) 682-7701
ghensrude@klinedinstlaw.com
asoldato@klinedinstlaw.com
Attorneys for Bayview Loan Servicing

---

- [1] "Defendant Bias' has decided to not dispute Plaintiff Bayview's security interest in the Chicago St. Property and to that extent denies the allegations." (Dkt. 5, p. 3)
- "Defendant Bias has always acknowledged that a note exists and that she owes a debt associated with it." (Dkt. 5, p. 4)
- "Defendant Bias is not opposing Plaintiff Bayview's claim that it retains a secured claim at this time." (Dkt. 5, p. 5)

- [2] If necessary as to the outcome of this order, Bayview will file its separate statement affirming its decision not to consent to reformation action being determined by the bankruptcy court and entry to judgment as such. Local Rules W.D. Wash. Bankr. Rule 7012-1.

RESPONSE TO ORDER RE: JURY DEMAND - 2
[20-01035-TWD]

KLINEDINST PC
701 Fifth Ave., Suite 1220
Seattle, Washington 98104

Case 20-01035-TWD    Doc 44    Filed 08/21/20    Ent. 08/21/20 16:45:37    Pg 2 of 3

86

## CERTIFICATE OF SERVICE

I, Merry Jane Walsh, hereby certify that on the date below, I served the foregoing on the following individual by electronic means through CM/ECF service:

**DEBTOR'S ATTORNEY**

Chellie M Hammack
CM Hammack Law Firm
1001 4th Ave., Ste 3200
Seattle WA 98154
cmh@hammacl-law.com

DATED this 21st day of August, 2020, at Seattle, Washington.

*/s/Merry Jane Walsh*
Merry Jane Walsh, Legal Assistant

18708563.1

RESPONSE TO ORDER RE: JURY DEMAND - 3
[20-01035-TWD]

# Exhibit G

**Below is the Order of the Court.**



**Timothy W. Dore**
**U.S. Bankruptcy Court**

(Dated as of Entered on Docket date above)

1

2

3

4

5

6

7 TIMOTHY W. DORE
United States Bankruptcy Judge
8 700 Stewart Street, Room 8106
Seattle, WA 98101
9 (206) 370-5300

10

11 **UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**
12

13 In re:

14 EUNICE BIAS,       Bankruptcy No. 19-13035-TWD

15       Debtor.

16 BAYVIEW LOAN SERVICING LLC,       Adversary No. 20-01035-TWD

17       Plaintiff,

18    v.       **ORDER REGARDING JURY TRIAL AND**
**WITHDRAWAL OF REFERENCE**
19 EUNICE BIAS and DOES 1-10,

20       Defendants.

21 EUNICE BIAS,

22       Counterclaimant,

23    v.

24 BAYVIEW LOAN SERVICING LLC,

25       Counterdefendant.

Eunice Bias filed a demand for a jury trial on her counterclaims [Docket No. 7].  The Court entered an order requiring the parties to file briefs on the jury trial issues [Docket No. 10].   After considering those briefs [Docket Nos. 12 and 13] and oral argument, the Court made an oral ruling on the record on November 4, 2020.

It is hereby ORDERED that:

1.      Eunice Bias is entitled to a jury trial on her counterclaims.

2.      This Court cannot conduct the jury trial because there is not express consent of all the parties as required by 28 U.S.C. § 157(e).

3.      Pursuant to Local Bankruptcy Rule 9015-1(c)(2), Eunice Bias shall file a motion in accordance with Local Bankruptcy Rule 5011-1 for withdrawal of reference ("Withdrawal Motion") by November 25, 2020.

4.      If Eunice Bias fails to file the Withdrawal Motion by November 25, 2020, the Court will enter an order dismissing her counterclaims without prejudice.

/// End of Order ///

TIMOTHY W. DORE                                                    Chapter 13
United States Bankruptcy Judge
700 Stewart Street, Room 8106
Seattle, WA 98101
(206) 370-5300

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | |
| EUNICE BIAS, | Bankruptcy No. 19-13035-TWD |
|     Debtor. | |
| BAYVIEW LOAN SERVICING LLC, | Adversary No. 20-01035-TWD |
|     Plaintiff, | |
| v. | **BANKRUPTCY JUDGE'S RECOMMENDATION REGARDING MOTION FOR WITHDRAWAL OF REFERENCE** |
| EUNICE BIAS and DOES 1-10, | |
|     Defendants. | |
| EUNICE BIAS, | |
|     Counterclaimant, | |
| v. | |
| BAYVIEW LOAN SERVICING LLC, | |
|     Counterdefendant. | |

### INTRODUCTION

Defendant Eunice Bias ("Bias") has filed a motion asking the United States District Court to withdraw the reference of this adversary proceeding [Docket No. 43] ("Motion").

BANKRUPTCY JUDGE'S RECOMMENDATION REGARDING
MOTION FOR WITHDRAWAL OF REFERENCE - 1

1      I am the bankruptcy judge assigned to this adversary proceeding. I am authorized by Local

2 Bankruptcy Rule 5011-1(b) to file a recommendation regarding the Motion.

3 <center>**RECOMMENDATION**</center>

4      I recommend that the United States District Court grant the Motion.

5 <center>**EXPLANATION**</center>

6      This adversary proceeding consists of the Plaintiff's claims ("Claims") and Bias' counterclaims

7 ("Counterclaims").

8      The Claims have been resolved in the Plaintiff's favor pursuant to a summary judgment order

9 [Docket No. 42] ("SJ Order"). The SJ Order is a final order. The SJ Order has not been appealed and

10 the appeal period has run. Accordingly, only the Counterclaims remain.

11      I entered an order determining that Bias is entitled to a jury trial on the Counterclaims and the

12 Bankruptcy Court cannot conduct the jury trial [Docket No. 41]. Since the Bankruptcy Court cannot

13 conduct the jury trial on the Counterclaims, I instructed Bias to file a motion for withdrawal of reference.

14 Bias timely complied by filing the Motion.

15      For the same reason I instructed Bias to file a motion for withdrawal of reference, I recommend

16 the District Court grant the Motion.

     Respectfully submitted on December 18, 2020.

17

18

19 _____
    Timothy W. Doré

20     United States Bankruptcy Judge

21

22

23

24

25