**JUDGE ROBERT LASNIK**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC,<br><br>                          Plaintiff,<br><br>v.<br><br>EUNICE BIAS, AND DOES 10-10,<br><br>                          Defendants. | Case No. C20-1822RSL<br><br>COUNTER-CLAIM PLAINTIFF BIAS MOTION TO REOPEN CASE, TO ENFORCE SETTLEMENT AGREEMENT & IMPOSE SANCTIONS. |
| EUNICE BIAS,<br>                    Counterclaim Plaintiff,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC,<br><br>                    Counterclaim Defendant. | NOTE ON MOTION CALENDAR:<br>January 14, 2022 |

## I.    RELIEF REQUESTED

Counter-claim Plaintiff Eunice Bias (hereafter Plaintiff Bias), by and through her counsel, requests the Court reopen this case as settlement has not yet completed.  Counter-claim Defendant Bayview Loan Servicing LLC (hereafter Defendant Bayview) have failed to pay the settlement proceeds provided for and refused to re-issue a check for reimbursement of escrow funds owed

Counter-Claim Plaintiff Bias Motion to Reopen Case - Page 1

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

Plaintiff Bias when they incorrectly issued the check payable to Plaintiff Bias and Defense counsel's law firm.

Plaintiff also requests the Court impose attorney fees as a sanction in this case pursuant to the Court's inherent power. Defendants have engaged in bad faith dilatory tactics or have acted in a grossly negligent manner to timely complete the settlement necessitating this motion. Defendants refusal to re-issue the check for escrow fees is baffling as it was their error. Their refusal to re-issue the check and to ensure the settlement proceeds were paid promptly to avoid the need to file this motion is inexcusable as Plaintiff's counsel has repeatedly reminded them of the need to complete this and warned Defense counsel if this was not completed she would be filing this motion and seeking fees. Being forced to file this motion has wasted Plaintiff counsel's time, the Court's time and has made Plaintiff Bias wait unnecessarily for payment of the proceeds and the escrow funds owned her.

## II.    STATEMENT OF FACTS

### A.    **Background - Defendant Bayview collects escrow fees and pays them on a residence no longer owned by Plaintiff Bias.**

Plaintiff Bias brought claims against Defendant Bayview when Defendant Bayview charged Plaintiff escrow fees and costs for real property taxes and insurance, increasing her mortgage payment, and failed to pay the property tax and insurance on her residence. Decl. Hammack, **Ex. A**, Counterclaims, II Factual Allegations, 2.1-2.16. For several years Defendant Bayview made those payments on the wrong property. *Id.* This resulted in Plaintiff Bais' inability to obtain a reverse mortgage as in order to qualify due to the non-payment of taxes for several years, she would have

Counter-Claim Plaintiff Bias Motion to Reopen Case - Page 2     **C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

been required to pay a large sum of money into a Life Expectancy Set Aside (LESA), used to ensure her real property taxes and insurance were paid for the remainder of her life. *Id.*

    **B.**    **The market changes, Plaintiff Bias obtains a reverse mortgage and the Parties reach a CR2A agreement.**

    With the change in the market and increase in property values and a significant decrease in interest rates that occurred in 2021, Plaintiff Bias was able to qualify for a reverse mortgage without having to pay a LESA, opening up options for settlement in this case. Decl. Hammack, ¶ 3. With that in mind, the parties engaged in a mediation and were able to resolve the claims on October 21, 2021. *Id.* The parties were able to reach an agreement and provided for a CR2A agreement setting out the terms. *Id.,* **Ex. B**, pg. 3.

    The terms the parties agreed to are as follows:

1.    Bayview pays Bias (or designee) $40,000 within 14 days of receipt of pay-off.
2.    Parties notify court of settlement tomorrow, and dismiss with prejudice once payment is made.
3.    Standard Releases to Bayview, agents, attorneys, predecessor and current owners and servicers of loan.
4.    Bayview provide letter to lender regarding reason for tax deficiency if needed.
5.    Parties will sign long form agreement containing confidentiality and other standard terms.
6.    Settlement conditioned on bankruptcy court approval.
7.    Settlement check made out to attorney in trust for client.
8.    Bias uses best efforts to close reverse mortgage timely.

    In an email discussing the CR2A agreement, Plaintiff's counsel notified Defense counsel that Ms. Bias' closing was anticipated the following Monday. *Id.*, pg. 1. Counsel notified Defense counsel in large part because she needed to obtain the letter referenced in #4. *Id.*, ¶ 5. On November

Counter-Claim Plaintiff Bias Motion to Reopen Case - Page 3

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

1, 2021, when Plaintiff's counsel had not yet received the letter referenced in #4, and after having

ongoing issues with obtaining a response from Defense counsel regarding the letter and other issues,

she emailed opposing counsel. *Id., **Ex. C**, pg. 2.[1] Defense counsel knew the need for the letter was

urgent given the closing was to occur very soon. *Id.*, **Ex. B**, pg. 1.   At this point Plaintiff's counsel

was uncertain as to whether the settlement would move forward given the lack of response from

Defense counsel, supplying the letter was a material provision of the agreement. *See Id.,* **Ex. C**, pg.

2. In response, Defense counsel provided a letter and draft settlement agreement. *Id.*, pg. 2.  Plaintiff

Bias closed her reverse mortgage loan on November 3, 2021. *Id.,* ¶ 6.

    **C.**    **On November 10, 2021 the Court enters an order of dismissal & issues begin to arise regarding completion of settlement.**

On November 9, 2021, Defense counsel notified the Court that a settlement had been

reached. Doc # 18.  That Order provides, "[t]his dismissal shall be without prejudice to the right of

any party upon good cause shown within sixty (60) days hereof to reopen this case if the reported

settlement is not consummated." *Id.*

Over the course of the next few weeks the parties exchanged draft copies of the settlement

agreement. *Id.*, ¶ 7.  When that process started, Plaintiff's counsel decided it would be easiest if

Plaintiff Bias dismissed her existing bankruptcy as opposed to obtaining approval of the settlement,

in part because seeking approval required a copy of the actual signed settlement agreement,

---

[1]Through out the case it has been difficult dealing with Defense counsel.  Normally it would take numerous emails and phone calls to get them to respond. *Id.,* ¶ 5.  Payment of Plaintiff's expert Mr. Spray was just one example. *Id.*, Ex. C, pg. 2.  It took numerous emails and threats before they finally paid Mr. Spray. *Id.*, ¶ 5.

Counter-Claim Plaintiff Bias Motion to Reopen Case - Page 4

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

something that was taking some time to obtain, and in part because Plaintiff Bias had an absolute right to dismiss and there really was no longer a need for bankruptcy given the reverse mortgage. *Id*. Plaintiff's counsel notified Defense counsel of this change by email on November 17, 2021. *Id.,* **Ex. D.** Plaintiff's counsel also notified Defense counsel of the need to obtain a check from Defendant Bayview for the remaining escrow funds owed Plaintiff Bias after the closing and pay-off of their loan and requested that check be made payable to Eunice Bias. *Id.*

On December November 17, 2021, Plaintiff's counsel sent a revised agreement (the agreement ultimately signed by the parties as outlined below) but made it clear Plaintiff would not agree to any further substantive changes as the prior agreement submitted by Defense took considerable time to read and contained mostly unnecessary provisions including a fact section requesting my client stipulate to facts that were mostly false. *Id.*, **Ex. E.**, pg. 10. On November 23rd, Defense counsel responded with yet another revised draft. *Id.*, pg. 9. On December 2nd, Plaintiff's counsel reiterated that Plaintiff would not agree to further substantive changes, outlined the issues with the draft sent and forwarded a final agreement inquiring as to whether his client would sign. *Id.*, pg. 9.

On December 6th, Plaintiff's counsel notified Defense counsel again that the parties needed to complete the settlement, reminding Defense counsel that it needed to be completed within 60 days from the date the Court was notified. *Id.,* pg. 7. She again inquired regarding the check for the escrow funds still owed Plaintiff Bias as a month had passed since the closing with no check received. *Id.* Defense responded but indicated, "we can't do much until the BK dismissal is entered. *Id.*, pg. 6. This appeared to be further delay tactics by Defense counsel as reaching the terms of a

Counter-Claim Plaintiff Bias Motion to Reopen Case - Page 5

settlement agreement, and having the clients sign it, should in no way be impacted by dismissal of the bankruptcy. *Id.*, ¶ 10. Dismissal of the bankruptcy was not required prior to the parties signing an agreement, and give Plaintiff had an absolute right to dismiss it appeared Defense had no valid concerns. *Id., See also* **Ex. E**, pgs. 4-5 (explaining the motion to dismiss was pending & Ms. Bias had an absolute right to dismiss). Plaintiff Bias had been awaiting receipt of both the escrow funds and settlement proceeds and needed those funds *Id.* Plaintiff's counsel had also planned on taking some time off during the holiday. *Id.* This was impacting both Plaintiff Bias and counsel. *Id.* Plaintiff's counsel reminded Defense counsel:

> The most recent draft is not recent. You have had it for a number of weeks now. In addition as to the motion to dismiss, I can submit an order to the Court and will do so on Thursday and her case will likely be dismissed by the end of the week. You have until Wednesday. If I do not hear back by then we will move forward.
> Also, you did not address the money owed Ms. Bias held by Bayview as escrow funds Where is that money?

*Id.*, **Ex. E**, pgs. 5-6. Finally on December 13th, Defense counsel responded but unfortunately he did so by attaching yet another draft. *Id.*, pg. 3. The draft included additional changes and was a mess to try to read. *Id.*, **Ex. F.** Plaintiff's counsel responded notifying Defense counsel that she would be filing a motion to enforce the CR2A agreement and that she would seek attorney fees and costs as the agreement supplied by Plaintiff met all the requirements of the CR2A agreement. *Id.*, **Ex. E.,** pg. 2.

In addition, on December 13th, Plaintiff's counsel received the check for escrow funds. *Id.*, **Ex. G.**, pgs. 2-3. Unfortunately the check was made payable to Eunice Bias, Klinedinst, 701 Fifth Avenue, Suite 1220, Seattle, WA 98104. *Id.*, *See also* **Ex. H**, (copy of check). Klinedinst, 701 Fifth

Counter-Claim Plaintiff Bias Motion to Reopen Case - Page 6

Avenue, Suite 1220, Seattle, WA 98104 is the law firm and office of Defense counsel. *Id.*, **Ex. G,** pg. 2. Plaintiff's counsel notified Defense counsel of the problem and again reminded them of the 60 day deadline, that there was no reason she could see for the length of time this was taking, and that their failure to act diligently was creating a problem. *Id.*, pgs. 2-3. Defense counsel responded indicating Ms. Bias should try to deposit the check regardless of the way it was made out. *Id.*, pg. 1. Plaintiff's counsel indicated Ms. Bias would not deposit the check into her account as it could cause a number of problems as it was not made out correctly. *Id.*

### D.    A month later Defendant finally agrees to sign the settlement agreement forwarded by Plaintiff's counsel on November 17th but continue to refuse to supply a settlement check or to re-issue the escrow check.

On December 16th, Defense co-counsel, Mr. Hensrude, finally responded indicating his clients were fine with the agreement Plaintiff's counsel submitted, originally sent on November 17th. *Id.*, **Ex. E**, pg. 1; *See also* **Ex. E**, pg. 10.    However, Mr. Hensrude again insisted that Ms. Bias attempt to deposit the check. *Id.* Plaintiff's counsel again responded indicating Plaintiff Bias would not deposit the check as even if the bank took it, Plaintiff Bias would be the one bearing the risk with extra fees and costs if it did not clear or something were to go wrong and reiterated the check needed to be re-issued and made payable to Ms. Bias only. *Id.*, **Ex. I.** Plaintiff's counsel supplied Ms. Bias signature page that day and requested that the settlement check be received in her office by next Wednesday, December 22nd. *Id.*, **Ex. J.**    Plaintiff's counsel requested the signature pages from Bayview be supplied by Monday, December 20th, reminding Defense counsel if it was not received by then counsel would have to move forward and notify the Court by motion. *Id.,* **Ex. E**, pg. 1; *See also* **Ex. J.**

Counter-Claim Plaintiff Bias Motion to Reopen Case - Page 7

When it became late in the day on Monday, December 20th with no receipt of the signature, Plaintiff's counsel again sent an email reminding Defense counsel that they needed to send the signature. *Id.*, **Ex. K**, pg. 5. On December 21st a signature page was forwarded and the settlement agreement was completely executed. *Id*., pg. 4, **Ex. L** (copy of signed Settlement Agreement). On that day Plaintiff's counsel again reminded Defense counsel that a check needed to be re-issued to Plaintiff for the escrow fees and asked that the settlement check be provided by the next business day as the 60 day deadline was expiring. *Id*., pg. 3. Plaintiff's counsel assumed Defense counsel had the settlement check ready as the CR2A required the funds to be paid within 14 days of closing. *Id.*, **Ex. K,** *See also* **Ex. J.** Defense counsel responded writing, "[t]he check is not going to arrive tomorrow; your client just signed after lengthy-and in my view unnecessary-negotiations. You keep making unreasonable temporal demands, and we will continue to work in ordinary course. Take whatever action you deem necessary." *Id.*, **Ex. K**, pg. 2. Defense counsel again asked for a W-9 which had already been provided but counsel forwarded again. *Id.*, pg. 1.

On December 29th, Plaintiff's counsel sent one final email to inquire as to whether the checks had been mailed to her office before drafting this motion. *Id.*, **Ex. M**., pg. 2. This time Mr. Soldato responded indicating a check was received in his office but not forwarded claiming they did not have a W-9, and confirming that they would not re-issue a check to Ms. Bias as she had not attempted to deposit it. *Id.,* pgs. 1-2; *See also* **Ex. K,** pg. 1 (top of 1st email, Attachments: W9...pdf).

Plaintiff's counsel has been practicing law for over 20 years. Her current hourly rate is $500 per hour. Id., ¶ 17. She has spent approximately 6.5 hours in drafting this motion. *Id.*

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

**III.    EVIDENCE RELIED UPON**

    1.     Declaration of Hammack, with attached exhibits;

    2.     Documents and records contained in this Court file.

**IV.    LEGAL ARGUMENT**

    **A.    Request to Reopen Case to Obtain Order of Payment of Settlement Proceeds and Re-Issuance of Check for Payment of Escrow Funds.**

Plaintiff requests the Court reopen the case and enter an order enforcing the settlement agreement and requiring the immediate payment of to Plaintiff Bias of the settlement funds in the amount of $40,000 made payable to CM Hammack Law Firm in trust for Eunice Bias and payment by check made payable to Ms. Eunice Bias for the escrow funds owed.   This motion is being filed within 60 days of entry of November 10th order.

    **B.    Plaintiff requests attorney fees pursuant to the Court's inherent power as this motion should not have been necessary, Plaintiff's counsel provided ample notice of her concerns with the 60 day deadline and notice that she would seek fees if the issues were not resolved.**

Trial courts have inherent power to assess attorney's fees against counsel when a party shows bad faith by delaying or disrupting litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *See also Goodyear Tire & Rubber Co. V. Haeger*, 137 S. C. 1178, 1186 (2017) (under its inherent authority, a court has discretion to compensate a party for fees and costs the party would not have incurred but for the misconduct).

This motion should not have been necessary.  Plaintiff's counsel supplied repeated

Counter-Claim Plaintiff Bias Motion to Reopen Case - Page 9

**C.M. Hammack Law Firm**
1604 Hewitt Ave., Suite 313
Everett, WA 98201
(206) 223-1909

warnings that the 60 days set out in the order to complete discovery would be expiring and settlement needed to be completed.  Defense counsel has repeatedly acted in this fashion throughout the litigation and there is no excused for this conduct.  Settlement was reached on October 21st.  The final agreement the parties ultimately signed was provided by Plaintiff on November 17th.  There is no excuse for Defendants conduct, Defendants have wasted Plaintiff's counsel time, this Court's time as this motion is now required, and Plaintiff Bias needless delay in the receipt of her needed funds.  Plaintiff requests an award of attorney fees and will supplement the figures in her reply.

## V.    CONCLUSION

For the reasons stated above, Plaintiff Bias requests the Court reopen her case and enter an order providing for the immediate payment of the settlement funds and escrow funds owed her. Plaintiff also requests an award of attorney fees as this would not have been necessary but for Defendant's dilatory & bad faith conduct.


Dated this 30th day of December, 2021          /s/Chellie Hammack
                                               Chellie Hammack, WSBA#31796
                                               Attorney for Plaintiff Bias


Counter-Claim Plaintiff Bias Motion to Reopen Case - Page 10          **C.M. Hammack Law Firm**
                                                                      1604 Hewitt Ave., Suite 313
                                                                      Everett, WA 98201
                                                                      (206) 223-1909

1

## CERTIFICATE OF MAILING

2

3

The undersigned declares under penalties of perjury of the laws of the State of Washington

4

5

as follows: On December 30, 2021, I served the attached Plaintiff's motion on the parties listed

6

below by first class mail, postage prepaid and/or the Court's ECF system.

7

8

9

Gregor Hensrude, Attorneys for Bayview Loan Servicing LLC
Anthony Soldato

10

Klinedinst PC

11

701 Fifth Ave., Suite 1220
Seattle, WA 98104

12

13

14

Dated this 30th day of December, 2021        /s/Chellie Hammack
                                              Chellie Hammack , WSBA #31796

15

                                              Attorney for Plaintiff Bias

16

17

18

19

20

21

22

23

24

25

26

Counter-Claim Plaintiff Bias Motion to Reopen Case - Page 11        **C.M. Hammack Law Firm**

27

1604 Hewitt Ave., Suite 313
Everett, WA 98201

28

(206) 223-1909